**McELROY, DEUTSCH, MULVANEY,
& CARPENTER, LLP**
Michael S. Waters, Esq.
Jeffrey Bernstein, Esq.
Nicole Leonard, Esq.
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
E-Mail: mwaters@mdmc-law.com
E-Mail: jbernstein@mdmc-law.com
E-Mail: nleonard@mdmc-law.com
*Counsel for Eric R. Perkins, Chapter 7 Trustee of Jesal Patwari and Catherine Youngman, Esq. Chapter 7 Trustee of Shapat, Inc., Patwari, LLC, Shapat 2, LLC and Shapat 3, LLC*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>JESAL PATWARI,<br><br>Debtor. | Case No. 08-26178 (NLW)<br><br>Honorable Novalyn L. Winfield, U.S.B.J.<br><br>Chapter 7 |
| In re:<br><br>SHAPAT, INC., PATWARI, LLC, SHAPAT 2 LLC, and SHAPAT 3, LLC<br><br>Debtor. | Case Nos. 08-26181, 08-26184, 08-26186 and 08-26188 (NLW)<br><br>Honorable Novalyn L. Winfield, U.S.B.J.<br><br>Chapter 7 (Jointly Administered) |
| ERIC R. PERKINS, in his capacity as Chapter 7 Trustee for the Estate of Jesal Patwari,<br><br>Plaintiff,<br><br>v.<br><br>SUSHEELA VERMA,<br><br>Defendant. | Adv. Proceeding No. 10-02104 (NLW)<br><br>Honorable Novalyn L. Winfield, U.S.B.J.<br><br>Chapter 7 |

1511018-3

| | |
|---|---|
| CATHERINE YOUNGMAN, in her capacity as Chapter 7 Trustee for SHAPAT, INC., PATWARI, LLC, SHAPAT 2 LLC, and SHAPAT 3, LLC<br><br>Plaintiff,<br><br>v.<br><br>SUSHEELA VERMA,<br><br>Defendant. | Adv. Pro. Nos. 10-02104, 10-02106, 10-02107, 10-02108, 10-02109 (NLW)<br><br>Honorable Novalyn L. Winfield, U.S.B.J.<br><br>Chapter 7 |

## AFFIDAVIT OF MERIT

STATE OF NEW JERSEY   )
                      ) SS
COUNTY OF ESSEX       )

Clark E. Alpert, of full age, having been duly sworn according to law upon his oath deposes and says:

1. I am an attorney at law licensed to practice in the State of New Jersey and have practiced law in the State of New Jersey for over 30 years, since my admission to the New Jersey Bar in 1978. I am also admitted to practice law in the State of New York, and before various Federal Courts.

2. I am presently the senior partner of Alpert Butler and Weiss, PC with an office in West Orange, New Jersey.

3. For a period of at least five years, I have devoted my practice substantially to matters of complex litigation including commercial litigation. I have handled contract disputes, arbitrations and applications for emergent relief, and advised clients with respect to litigation decisions in complex litigation.

4. A copy of my current curriculum vite is attached hereto as Exhibit A.

1511018-3

5. I am not related to any of the parties in this litigation. I have no financial interest in the outcome of this litigation. My application for fees will be submitted to the Bankruptcy Court at the appropriate time to be paid out of assets in the estate. For purposes of full disclosure, I and my firm have been represented by McElroy, Deutsch, Mulvaney, & Carpenter, LLP.

6. In the course of preparing this opinion, I have discussed this matter with Michael S. Waters, attorney for the Trustee and I have reviewed documents that I received from Mr. Waters.

7. I have reviewed the following documents upon which I base my opinion:

   a. Copies of opinions of Judge Martino and Judge Levy.

   b. The complaints in the adversary proceeding by the Trustees against Susheela Verma.

   c. Various pleadings, transcripts, briefs, affidavits and related materials involved in Susheela Verma's representation of Jesal Patwari and the corporate plaintiffs.

   d. Copies of correspondence, e-mail transmissions and other related material between Susheela Verma, Jesal Patwari, the corporate plaintiff and with others, including adversaries.

   e. Defendants Motion to Dismiss.

8. Based upon my review, it is my opinion that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the practice and work of Susheela Verma that is the subject of the Complaint in this matter, including both actions taken and not taken, fell outside of acceptable professional standards.

1511018-3

Dated: November 22, 2010

By: _____
Clark E. Alpert

Sworn and subscribed before
me on November 22, 2010

_____
Notary Public    Commission Expires 10/25/2011

1511018-3

# EXHIBIT A

# CLARK E. ALPERT

Clark Alpert was the founding partner of Alpert Butler & Weiss, P.C. in 1992. Prior to founding the firm, Mr. Alpert was a partner with Greenberg Margolis, a prominent fifty-attorney New Jersey law firm, and headed its twenty-five-lawyer commercial litigation department.

Mr. Alpert has extensive experience in complex litigation in both New Jersey and New York, including commercial litigation, business torts, banking and financial matters, creditors' rights, trade regulation and antitrust, intellectual property, governmental matters, and Uniform Commercial Code, construction disputes.

The hallmark of Mr. Alpert's approach to litigation has been his aggressive, innovative approach to complex cases, for which he has earned considerable recognition, while simultaneously remaining cognizant that a client's interests are often best served by amicable resolution when possible. Mr. Alpert has represented a wide variety of public and private clients, often in complex matters, including international, national, regional, and local businesses; bank regulatory agencies, banks and other lenders; and borrowers, developers and commercial real estate owners. He has represented both bank boards and zoning boards, as well as boards of directors of health care entities. He has also represented lawyers and doctors in disciplinary and litigation matters involving charges of misconduct or ethics violations.

Mr. Alpert' experience in the health-care field includes: representation in litigation and arbitration, as well as before administrative boards, with respect to corporate, contract, labor, and other matters; client counseling; drafting of agreements between physician groups and hospitals, ranging from the mundane to the highly complex; compliance issues; interface with regulators; practicing across state borders; employment and operational matters; employment contract negotiation; management service organizations; Stark Law and Anti-Kickback Law; Medicare and private payor reimbursement; in-network/out-of-network issues; and numerous other matters. Mr. Alpert has experience representing both large and small medical groups.

Mr. Alpert's extensive experience with litigation and commercial disputes often leads to clients consulting him on their transactional matters as well, for advice on deal structuring and dispute avoidance. These clients find that a draftsman's decades of litigation experience can help identify contract issues that could yield future disputes absent careful efforts at the earliest stages.

Mr. Alpert is the Author of *Guide to New Jersey Contract Law*, published by New Jersey's Institute for Continuing Legal Education in 2007, with plans for a revised edition in 2011. He has also revised the "Malpractice" chapter of the seminal treatise for attorneys, *Arthur Horn on Residential Real Estate*, most recently in 2007.

Mr. Alpert has appeared in some of New Jersey's most prominent litigation matters, and has also been involved in a number of precedent-setting cases of national significance. For instance, he represented the County of Essex, State of New Jersey in litigation to compel statewide funding of New Jersey's court system. He represented the plaintiffs in one of the leading attorney liability cases in New Jersey, *Packard-Bamberger & Co., Inc. v. Collier*, 167 N.J. 427, 771 A.2d 1194 (2001), and another well-known attorney-liability matter, *Marshall v. Fenstermacher*, 388 F.Supp.2d 536 (E.D.Pa. 2005), further proceedings 2007 WL 2892938 (E.D.Pa. 2007). He has also defended professionals (legal, medical and others) before disciplinary bodies.

In addition to obtaining attachments, TRO's and replevin writs in a wide variety of cases, Mr. Alpert also received wide recognition for utilizing the civil writ of *capias ad satisfaciendum* (body execution) in several publicized cases, including a precedential decision, *Marshall v. Matthei*, 327 N.J.Super. 512, 744 A.2d 209 (App.Div. 2000); and an earlier matter in which he successfully obtained a $29 million judgment on behalf of Golden Nugget, Inc., which became Mirage Resorts, Inc., then also represented the FDIC in the same matter, *In re Bona*, 110 B.R. 1012 (Bktcy.S.D.N.Y. 1990), affd. 124 B.R. 11 (S.D.N.Y. 1991). He authored a trade association amicus brief supporting the prevailing party in *MetLife Capital v. Washington Avenue*, 159 N.J. 484, 732 A.2d 493 (1999); which established principles concerning lenders' default charges. In addition, Mr. Alpert authored the amicus brief that helped establish the law nationwide as to securitizing "warehouse" lines of credit for mortgagees. *In re Kennedy Mortgage Co.*, 17 B.R. 957 (D.N.J. 1982).

In terms of New York litigation, Mr. Alpert achieved success in a prominent commercial litigation matter affecting a well-known New York City business; *Urban Archaeology Ltd. v. Dencorp Investment Inc.*, 12 A.D. 3d 96, 783 N.Y.S.2d 330 (1st Dept. 2004). He has also handled other significant commercial litigation in New York, including American Shelter Corp. v. Hirsch, Index Number 3400-04 (Rockland Sup.Ct. 2004) (arises from some of the same facts

as Pediatric Affiliates v. United States, 2007 WL 1113785 (3d Cir. 2007)), a creditor's-rights suit involving bistate use of writs of attachment, and related-party liability' issues; *Mandell v. Isaacs*, Index No. 600276/2006 (N.Y.Sup.Ct. 2006) (available at http://iapps.courts.state.ny.us/webcivil/FCASDocumentSearch), a prominent shareholder dispute; *Samantha Enterprises v. Elizabeth Street*, 5 A.D.3d 280, 774 N.Y.S.2d 681 (1st Dept. 2004), involving a partnership/business opportunity dispute; and *North Fork Bank v. Quadrozzi Concrete*, Index Number 8293-94 (Queens Sup. Ct.), where he successfully resisted the Bank's summary judgment motion for over $5 million.

Mr. Alpert has appeared before the state and federal appellate courts in New Jersey and New York, as well as the U.S. District Court and Court of Appeals in Philadelphia. He has been counsel in a number of the highest profile cases decided by New Jersey's appellate courts.

As counsel to Resorts Casino Hotel in certain prominent trademark litigation, Mr. Alpert obtained a preliminary injunction halting the defendant's improper use of the trade name "Paradise Isle" as an infringement upon his client's unregistered trademark "Paradise Island". *Resorts Casino Hotel v. Greate Bay t/a Sands Hotel Casino*, 1991 WL 352487 (D.N.J. 1991). He has handled prominent trademark litigation for other casinos as well. He has also been involved in other significant gaming litigation, including *U.S. v. $734,578.82 in U.S. Currency*, 286 F.3d 641 (3rd Cir. 2002).

Mr. Alpert represented the Mortgage Bankers Association of New Jersey in multi-year, complex litigation affecting all real estate and mortgage brokers in New Jersey, *MBA-NJ v. New Jersey Real Estate Commission*, 200 N.J.Super. 584, 491 A.2d 1317 (App.Div. 1985), remanded 102 N.J. 176, 506 A.2d 733 (1986), affirmed after remand 283 N.J.Super. 233, 661 A.2d 832 (App.Div. 1995). He also represented the Township of West Orange in litigation against the State and Federal governments relating to group homes. *Twp. Of West Orange v. Whitman*, 8 F.Supp.2d 408 (D.N.J. 1998). In addition, he has handled a number of antitrust matters, including a precedential ruling in *Ideal v. John Labatt Ltd.*, 1992 U.S.Dist.LEXIS 20467 (D.N.J. 1992), further proceedings 90 F.3d 737 (3d Cir. 1996), and another well-known case, *Ideal Dairy Farms, Inc. v. Farmland Dairy Farms, Inc.*, 1991 WL 279430, 1991-2 Trade Cases 69,632 (N.J.Super.Ch. 1991), reversed 282 N.J.Super. 140, 659 A.2d 904, 1995-2 Trade Cases 71,074 (App.Div. 1995), *certif.den.* 141 N.J. 99, 660 A.2d 1197 (1995); and has authored articles

entitled *Special Limitations Rules for Private Antitrust Suits,* 133 N.J.L.J. 11 (1993), *Discerning the Limits of Fuzzy FDIC Rule,* 141 N.J.L.J. 1236 (1995), and *Free the Amici,* 151 N.J.L.J. 933 (1997).

Mr. Alpert's practice includes representation of professionals. In addition to representing attorneys in matters ranging from business issues to ethics, he has a substantial health care practice. He represents a number of physicians and medical practices in litigation, regulatory and other matters. He has also served as both a legal expert and a court-appointed agent; and has dealt with law firm, medical practice and accounting firm 'break-up' issues.

In addition to representation of parties in arbitration, Mr. Alpert has been appointed by the Superior Court of New Jersey to serve as special master and arbitrator in the resolution of complex disputes, involving commercial real estate, environmental issues, and attorney misconduct claims. He was previously invited to join the Panel of one of the nation's leading ADR providers. Because of his broad experience in diverse litigation, chancery matters, ADR, and appeals, he is qualified to act as either a neutral or advocate in mediation, arbitration, and other alternate dispute resolution methods.

Mr. Alpert has served as Master of the Justice William J. Brennan, Jr. Inn of Court. He has been a panelist for a number of ICLE seminars (continuing legal education for attorneys). Most recently, he chaired a panel presenting a seminar for NJICLE entitled "Drafting, Negotiating and Litigating Agreements: Are Your Contracts Bulletproof?"

Another such seminar, entitled *Confidentiality and Its Limitations,* which Mr. Alpert has helped present on numerous occasions, involved issues of confidentiality, privilege, and protective orders. Another addressed the law of consumer fraud and deceptive trade practices. Mr. Alpert has presented seminars for other organizations concerning consumer fraud, including *New Jersey Consumer Fraud Act (CFA): Raising the Stakes in Business Litigation.* He helped present a seminar entitled *Practical Legal Ethics in New Jersey: Issues and Answers.*

Mr. Alpert has also been chosen by Lorman Education Services to conduct a number of regional seminars for attorneys involving commercial litigation, contracts, and banking. He was also selected to participate in an ICLE seminar concerning post-judgment procedures, and served as a panelist for a seminar presented by the Essex County Bar Association concerning prejudgment attachment. In 2010, Mr. Alpert presented a taped program on an increasingly

prominent topic in contract law; that presentation, entitled "Force Majeure and Impossibility of Performance: Key Issues for Uncertain Times", is currently available online as a resource for other attorneys who engage in drafting, interpreting and litigating contracts.

Mr. Alpert received his J.D. degree in 1978 from Rutgers University School of Law, Newark, where he graduated in the top ten percent of his class in academic ranking, and his B.A. Degree in 1975 from Rutgers College, where he was Phi Beta Kappa. He is a member of the New York and New Jersey Bars, has appeared *pro hac vice* in other courts, and is admitted to practice before the following federal courts: New Jersey District Court; Second Circuit; Third Circuit; Southern, Eastern and Northern Districts of New York; and United States Supreme Court.