

# Law Offices of Susheela Verma

One Woodbridge Center, Suite 810
Woodbridge, NJ 07095
Tel: 732-596-1140 Fax: 732-596-1150

January 7, 2011

Honorable Novalyn L. Winfield, U.S.B.J.
U.S. Bankruptcy Court, District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re:  **In re Jesal Patwari, Chapter 7, 08-26178 (NLW)**
     **Catherine Youngman v. Verma, Adv. Case No. 10-2109 (NLW)**
     **Catherine Youngman v. Verma, Adv. Case No. 10-2108 (NLW)**
     **Catherine Youngman v. Verma, Adv. Case No. 10-2107 (NLW)**
     **Catherine Youngman v. Verma, Adv. Case No. 10-2106 (NLW)**
     **Eric R. Perkins v. Verma, Adv. Case No. 10-2104 (NLW)**

**Adversary Defendant's Response to Trustees' Opposition to Motion to Dismiss**

Dear Judge Winfield:

I represent the defendant in the above referenced adversary matters. Please accept this letter brief in response to the "Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss" dated January 3, 2011.

## POINT 1

### IT IS PROPER FOR THE COURT TO TAKE JUDICIAL NOTICE OF ITS OWN RECORDS AND PROCEEDINGS

This court is permitted to take judicial notice of its and other court's records and orders. The above listed adversary matters have a long drawn litigation history where numerous official and court records have been created which are amenable to judicial notice. These records contain facts which are extensive and well defined. They further

1

contain court orders, decisions and opinions rendered after due consideration of the facts and legal arguments. There are numerous certifications and other documents existing on the court's docket.

While in their brief the trustees appear to be pleading ignorance of the relevant information and want the court to excuse the basic requirements of pleadings, their argument is not rooted in good faith and is misleading. The fact remains that the District Court and this Court's docket is full of certifications, pleadings and court orders which the trustees had access to from day one. Further, the trustees had the benefit of receiving copies of all the files that pertain to these cases.

The trustees argue that the certification and documents submitted by the defendant should not be considered. These documents are existing and part of the records of this case. The certifications filed by Ms. Youngman, where she fails to disclose the conflict, is on the court's docket; Judge Martini's opinion is part of this case and has been submitted to this court on numerous occasions; Judge Levy's opinion has been a key document in this case and has been used by all attorneys at different times. It existed on the District Court's Docket and it exists on this Court's Docket. All these documents are subject to judicial notice and can be used. Please also see the original brief filed by the defendant.

## POINT 2

### THE PLAINITFF'S ADVERSARY COMPLAINT DOES NOT PLEAD A CAUSE OF ACTION NOR DO THE UNPLEADED STATEMENTS MADE IN THE PLAINITFF'S BRIEF CONSTITUTE A CAUSE OF ACTION

The eighth count of the plaintiff's adversary complaint doesn't state a cause of action for malpractice, nor do the heretofore unpleaded facts and allegations made by the plaintiffs from pages 8 to 10 of their briefs, plead a cause of action for professional

2

negligence. No matter how you analyze it, the final conclusion is the same; the debtor, Jesal Desai ("Desai") caused her own loss not the plaintiff's advice.

A franchise agreement is a contract. It is an agreement composed of many parts, clauses, covenants and conditions. In this case, Desai and Doctor's Associates, Inc. ("DAI"), entered into four similar (4) franchise agreements and four (4) subleases. The corporate entities, Shapat, Inc., Patwari, LLC, Shapat 2 LLC, and Shapat 3, LLC did not enter into any franchise agreements or subleases with DAI. Pursuant to the four (4) franchise agreements, Ms. Desai agreed to pay DAI a weekly royalty payment of eight percent (8%) of gross sales and a weekly Advertising Trust Fund Fee ("SFAFT") of three and one-half percent of (3.5%) of gross sales. In the event of a dispute, DAI and Ms. Desai agreed to arbitrate all disputes in accordance with the Commercial Rules of the American Arbitration Association ("AAA") in Bridgeport, Connecticut pursuant to the substantive law of Connecticut. Ms. Desai filed a complaint and Order to Show Cause in New Jersey State court and she obtained a preliminary injunction finding the arbitration clause and any decisions rendered under it unenforceable.

However the court, did not excuse, nor could it nullify Ms. Desai's obligation under the franchise agreements to pay all of the agreed to royalty and SFAFT fees she owed as well as those fees DAI became entitled to as a result of the ongoing gross sales at her stores. Those fees are undisputed. Pursuant to the franchise agreements, Ms. Desai could continue to use the Subway trademark and operate her stores but only if she paid the fees she promised to pay to DAI. Judge Martini held his decision in abeyance and gave Ms. Desai an opportunity to pay all or substantial part of the royalties owed. She did not and therefore he issued an injunction.

Unfortunately, prior to the arbitration, DAI audited Desai's stores, and found that Desai underreported sales in stores 27800 and 29892 in the amount of $42,546.05 and began auditing Desai's other two stores but the audits were never completed because DAI claimed Desai did not cooperate with them. Underreporting could have occurred in any number of ways, from arithmetic mistakes or as Subway now claims due to fraud making Desai's debts non dischargeable. I am unaware of any case in this State, that holds that underreporting of sales and non-payment of royalty and advertising fees on reported or non-reported gross sales does not constitute "good cause" under the N.J. Franchise Practices Act, N.J.S.A. 56:10-1 et seq. to terminate a franchise.

DAI continues to attack Desai's credibility and culpability moving from civil claims to the quasi-criminal. DAI is one step from the county prosecutor's door because Desai allegedly committed a theft of its royalty and SFAFT fees. Desai did not appear at the arbitration. She did not testify. No record was made. She won in State court and would still be operating her franchises if she had only put aside the undisputed royalty and advertising fees she owes. No matter how DAI eventually proceeded, it is clear under the franchise agreement that nonpayment of royalty and SFAFT fees are sufficient to terminate the franchise agreement. Desai operated her franchise for almost one year for free.

## POINT 3

### THE PLAINTIFFS DID NOT AMEND THEIR COMPLAINT

In page 10 of her brief, the trustee claims that Desai had opportunities to dispose of her franchises and to recoup some of her investments. The plaintiff did not file a

Certification in support of her brief. The trustee are not qualified to testify about facts of which they have no personal knowledge.

I am very curious why the trustees did not file a certification in support of their claims in the briefs. So far, the plaintiffs' claims are just idle speculations not alleged in their complaints and not supported by the facts.

## POINT 4

## THE AFFIDAVFIT OF MERIT RELIED UPON THE TRUSTEES IS INADEQUATE

The trustees argue that since they filed an Affidavit of Merit, N.J.S.A. 2A:53a-27, it proves that the plaintiffs have satisfied their "threshold obligation" to prove malpractice.

The Affidavit filed by the plaintiff is inadequate. Like the plaintiff's adversary complaints, their expert's Affidavit of Merit lacks a factual foundation. It is a net opinion. It does not refer to any facts to support a breach of a duty or any fact to support causation. It is nothing more than pure speculation. Unless its deficiencies are cured, it will serve as the basis for the motion to dismiss for failure to state a claim. Ferreira v. Rancocas Orthopedic Assoc., 178 N.J. 144, 836 A.2d 779, 784-85 (2003).

The legislature amended the Affidavit of Merit Statute precisely because of "insubstantial and meritless claims" like in this case that prey upon innocent litigants and detract from legitimate claims that require the resources of our civil justice system. Id. The court must not be drawn into the gamesmanship of the plaintiff who is trying to use discovery to go on a fishing expedition in search of some fact to support its meritless claims.

5

## POINT 5

### THE DEFENDANT PERFORMED SERVICES FOR WHICH SHE WAS PARTIALLY COMPENSATED THAT RESULTED IN A BENEFIT TO THE PLAINTIFF

The defendant represented the plaintiff. The plaintiff operated her four (4) franchises for almost a year. She did not pay DAI her royalty or SFAFT fees. She continued to build the businesses good will and value. She did not testify. To date she incurred civil liability. Her attorney was partially paid. How is that fraudulent?

## POINT 6

### THE PLAINTIFF DID NOT FILE A MOTION FOR ANY DOCUMENT LISTED IN THE DEFENDANT'S PRIVILEGE LOG

The defendant complied with every order of the court and turned over every document it had in its possession that is not privileged. The trustees counsel was instructed to resolve the issues and report the unresolved issues to the court. The trustees remedy was to file a motion. The plaintiff's complaint about the non-disclosure of documents is meritless.

Sincerely yours,

David A. Curcio, Esq.

cc:

Michael S. Waters, Esq.
Micelroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Attorneys for Catherine Youngman, Esq., Chapter 7 Trustee for the Estate of Shapat, 2, Patwari, LLC, Shapat 2 LLC, and Shapt 3, LLC and Jesal Desai by fax to (973) 622-7711