**McELROY, DEUTSCH, MULVANEY,**
**& CARPENTER, LLP**
Michael S. Waters, Esq.
Jeffrey Bernstein, Esq.
Nicole Leonard, Esq.
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone:  (973) 622-7711
Facsimile:   (973) 622-5314
E-Mail: mwaters@mdmc-law.com
E-Mail: jbernstein@mdmc-law.com
E-Mail: nleonard@mdmc-law.com
*Counsel for Eric R. Perkins, Esq. Chapter 7 Trustee and*
*Special Counsel to Catherine Youngman, Esq. Chapter 7 Trustee*
*for Shapat, Inc., Patwari, LLC, Shapat 2, LLC, and Shapat*
*3,LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>JESAL PATWARI,<br><br>                    Debtor. | Case No. 08-26178 (NLW)<br><br>Chapter 7<br><br>Honorable Novalyn L. Winfield, U.S.B.J. |
| ERIC R. PERKINS, in his capacity as<br>Chapter 7 Trustee for the Estate of Jesal Patwari,<br><br>                    Plaintiff,<br>          v.<br><br>SUSHEELA VERMA,<br><br>                    Defendant. | Adv. Proceeding No. 10-02104 (NLW) |

**SECOND AMENDED ADVERSARY COMPLAINT TO: (I) AVOID AND**
**RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548, 549**
**AND 550 AND (II) TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §**
**502(d) AND (III) FOR OTHER RELIEF**

Eric R. Perkins, the Chapter 7 Trustee for the estate of the above-captioned Debtor, Jesal

Patwari, by and through his counsel, and Special Counsel to Catherine Youngman, the Chapter 7

1557529

Trustee for the Estate of the above-captioned Debtors Shapat, Inc., Shapat 2, LLC; Shapat 3, LLC and Patwari, LLC, by and through her proposed special counsel, hereby bring this complaint to avoid and recover certain transfers made by the Debtors to or for the benefit of Susheela Verma ("Verma" or "Defendant") pursuant to Sections 544, 547, 548, 549 and 550 of title 11 of the United States Code (the "Bankruptcy Code") and to disallow claims pursuant to 11 U.S.C. §502(d) and N.J.S.A. 25:2-25 and 27, and for related relief, and to recover payments received by, and injury caused by Verma with respect to her legal representation of Debtors, and in support thereof, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to Sections 157 and 1334 of Title 28 of the United States Code.

2. This is a core proceeding within the meaning of Section 157(b) of Title 28 of the United States Code.

3. Venue of this action is proper in this district pursuant to Sections 1408 and 1409 of Title 28 of the United States Code.

4. The statutory bases for the relief requested in this Adversary Complaint are Sections 502, 544, 547, 548, 549 and 550 of Title 11 of the United States Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure and N.J.S.A. 25:2-25 and 27.

## BACKGROUND AND PARTIES

5. Eric R. Perkins is the duly appointed Chapter 7 Trustee for the Estate of the Debtor Jesal Patwari herein (the "Patwari Trustee").

1557529-1                                   2

6. Catherine Youngman, is the duly appointed Trustee for the Estates of Shapat, Inc.; Shapat II, LLC; Shapat III, LLC and Patwari, LLC (the "Corporate Trustee") (the Patwari Trustee and the Corporate Trustee collectively, the "Trustees" or "Plaintiffs")

7. Upon information and belief Defendant is an individual d/b/a the Law Offices of Susheela Verma with offices located in Woodbridge, New Jersey.

8. On August 27, 2008 (the "Petition Date"), Jesal Patwari ("Patwari Debtor") filed a voluntary petition ("Petition") for relief under Chapter 11 of Title 11 of the Bankruptcy Code bearing case number 08-26178 (NLW) (the "Patwari Case").

9. On the Petition Date, voluntary Chapter 11 petitions were also filed for Shapat, Inc. Case No. 08-26181 (NLW), Shapat 2, LLC, Case No. 08-26186 (NLW), Shapat 3, LLC Case No. 08-26188 and Patwari LLC Case No. 08-26184("the Corporate Debtors") jointly administered by Order dated February 17, 2009 under the lead case Shapat, Inc. Case No. 08-26181 (NLW) (the "Corporate Cases") (the Corporate Cases collectively with the Patwari Case, the "Cases").

10. The Cases were both converted to cases under Chapter 7 of the Bankruptcy Code on July 20, 2009. The Patwari Trustee was appointed to serve as the Chapter 7 Trustee for the Patwari Debtor on July 21, 2009 and the Corporate Trustee was appointed to serve as the Chapter 7 Trustee for the Corporate Debtors on July 21, 2009.

## GENERAL ALLEGATIONS

11. At all times herein concerned Defendant was an attorney at law admitted to practice in the State of New Jersey.

12. During the period of approximately two years prior to the Petition date, Defendant as an attorney represented the Patwari Debtor and the Corporate Debtors (collectively, the "Debtors").

1557529-1                                3

13. Defendant represented the Debtors in the Debtors' dealings and disputes with Doctor's Associates, Inc. ("DAI") and related entities.

14. Debtors were involved in the operation of stores under franchise agreements with DAI.

15. Disputes between Debtors and DAI resulted in arbitration proceedings in which Defendant represented Debtors. Those disputes began with audits in April 2006, and continued through arbitration proceedings which resulted in default arbitration awards in September 2007, and continued thereafter, resulting in the closing of the Debtors' Subway stores.

16. On information and belief, Defendant was paid over $175,000 in legal fees by Debtors for her representation of Debtors, a major portion of which was for the dispute with DAI and related entities.

17. During that period, the Debtors were experiencing severe financial difficulties. In the course of representing the Debtors in the arbitration proceedings, Verma requested adjournments of the arbitration. On information and belief, delays in taking action resulted from, *inter alia,* Verma being away in the summer of 2007 and because of her demands to receive payment before proceeding as counsel. At that time, the royalties in dispute in the arbitration proceeding were less than $100,000.

18. Verma advised the Debtors not to attend the arbitration and Verma did not attend the arbitration on behalf of the Debtors. A default arbitration award was entered in September 2007.

19. On information and belief, DAI stopped withdrawing automatic royalties and advertising funds from the Debtors' account and refused to accept payments from Debtors. Verma was advised of this and counseled no action by the Debtors prior to her going to Court and obtaining a ruling.

20. Defendant advised Debtors to commence a lawsuit against DAI and to seek injunctive relief. On October 15, 2007, more than a month after the arbitration award was entered, Verma presented an application for an order to show cause as a result of which the Honorable Kenneth Levy, J.S.C. later issued a decision and order in February 2008. In that order Judge Levy was unable to prevent the actions already taken by DAI against Debtors for non-payment of royalties. His order prevented the use of the arbitration award in evidence. On information and belief, DAI was still unwilling to accept funds from Debtors.

21. On information and belief, during the period from the injunction in February 2008 through September 2008, the debtors paid Ms. Verma approximately $100,000.00 in legal fees, thus further depleting the debtors of money to pursue any arrangement to resolve the matter. Payments to Verma included large amounts that were paid in June, July, August and September of 2008, prior to and after the filing of bankruptcy.

22. Verma did not take action to resolve the matter with DAI including by any subsequent application to Judge Levy as she had advised the Debtors.

23. Verma's action and her failure to act gave DAI the opportunity to continue to treat the franchise as terminated and, to use the failure to pay royalties, which it would not accept, as the basis for a subsequent injunction against Debtors' use of its Trademark. It used the injunction, which it obtained in a proceeding before the Honorable William Judge Martini, U.S.D.C.J., to close down Debtors' stores.

24. In the end, DAI was able to file a proof of claim for nearly $2,000,000.00, arising out of the arbitration award after penalties for continued use of the trademark and trebling.

25. As their attorney, Defendant owed Debtors a duty of care.

26. Defendant breached that duty to Debtors.

27. Debtors were injured and Defendant's conduct was a substantial contributing factor to the injury.

28. The services for which Defendant was paid were of no value to the Debtors.

29. On or within 90 days before the Petition Date, the Debtors made one or more transfers of an interest in the Debtors' property totaling not less than $38,300, as set forth on Exhibit A attached hereto, consisting of payment(s) to or for the benefit of Defendant, on the dates and in the amounts set forth on Exhibit A.

30. Exhibit A reflects Plaintiffs' current knowledge of the transfers made to the Defendant on or within 90 days before the Petition Date. During the course of this proceeding. Plaintiffs may learn (through discovery, through an accounting or otherwise) of additional transfers made to Defendant on or within 90 days before the Petition Date. Plaintiff's intention is to avoid and recover all such transfers, whether or not such transfers presently are reflected in Exhibit A. All transfers made by the Debtors of an interest of the Debtors in property to or for the benefit of Defendant on or within 90 days before the Petition Date (whether or not such transfers are presently reflected in Exhibit A) are collectively referred to herein as the "Ninety Day Transfers".

31. Plaintiff reserves the right to amend this Complaint so as to include further information on and/or assertions regarding: the Ninety Day Transfers, Fraudulent Transfers, Post-Petition Transfers (all of which are defined below); preferential transfers to insiders under 11 U.S.C. § 547 within one year prior to the Petition Date; fraudulent transfers within two years prior to the Petition Date or as otherwise provided by applicable state law under 11 U.S.C. §§ 548 and 544; revision of Defendant's name; additional defendants; and/or additional causes of action including, but not limited to, those pursuant to 11 U.S.C. §§ 542, 544, 545, 547, 548, 549 and 550 (collectively, the "Amendments"), that may become known to Plaintiffs at any time during this adversary

proceeding through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

## COUNT I

## Avoidance of Preferential Transfers – 11 U.S.C. §547

32. Plaintiffs repeat and reassert all the allegations of the Complaint as if set forth herein at length.

33. On or within ninety (90) days prior to the Petition Date the Debtors made, or caused to be made, transfers of an interest in the Debtors' property to or for the benefit of the Defendant totaling not less than $38,300, on the dates and in the amounts set forth on Exhibit A.

34. The Ninety Day Transfers were transfers of property, or an interest in property, of the Debtors.

35. At all relevant times, Defendant was a creditor of the Debtors as defined by 11 U.S.C. § 101(10).

36. The Ninety Day Transfers were made by the Debtors to or for the benefit of Defendant.

37. The Ninety Day Transfers were for, or on account of, antecedent debts owed by the Debtors before the Ninety Day Transfers were made.

38. The Debtors were insolvent at the time the Ninety Day Transfers were made.

39. The Ninety Day Transfers enabled Defendant to receive more than it would have received if: (a) the Ninety Day Transfers had not been made; (b) the case was administered under Chapter 7 of the Bankruptcy Code; or (c) the Defendant received payment of her debt to the extent provided by the provisions of the Bankruptcy Code.

40. Interest on the Ninety Day Transfers has accrued and continues to accrue from the date each transfer was made.

41. Defendant was the initial transferee of the Ninety Day Transfers, or the entity for whose benefit the Ninety Day Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Ninety Day Transfers.

42. Accordingly, each of the Ninety Day Transfers are avoidable and the Plaintiffs are entitled to an order and judgment against Defendant avoiding each of the Ninety Day Transfers under 11 U.S.C. § 547.

**WHEREFORE,** Plaintiffs demand judgment against Defendant to void and recover the Ninety Day Transfers, to recover compensatory damages, to obtain an award of counsel fees and costs, and to obtain such other relief the Court deems just and appropriate.

## COUNT II

### Avoidance of Fraudulent Transfers Under § 548

43. Plaintiffs repeat and reassert all the allegations of the Complaint as if set forth herein at length.

44. To the extent that one or more of the Ninety Day Transfers were not on account of an antecedent debt or a pre-payment for goods subsequently received, the Debtors did not receive reasonably equivalent value in exchange for such transfers or obligations.

45. For all of the payments to Defendant for services rendered, including without limitation services performed in all arbitration and litigation proceedings regarding Debtors' dispute with DAI, during the period of approximately two years prior to the Petition Date, Debtors did not receive reasonably equivalent value in exchange for such transfers or obligations (together with the Ninety Day Transfers, "the Fraudulent Transfers") and

    A. The Debtors were insolvent on the date that such transfer(s) were made or became insolvent as a result of such transfer(s); or

    B. The Debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital; or

    C. The Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

46. Accordingly, the transfers are avoidable and the Plaintiffs are entitled to an order and judgment against Defendant avoiding each of the Fraudulent Transfers under 11 U.S.C. § 548.

**WHEREFORE,** Plaintiffs demand judgment against Defendant to void and recover the Fraudulent Transfers, to recover compensatory damages, to obtain an award of counsel fees and costs, and to obtain such other relief the Court deems just and appropriate.

## COUNT III

### Avoidance of Fraudulent Transfers
### 11 U.S.C. §544, N.J.S.A. 25:2-27

47. Plaintiffs repeat and reassert all the allegations of the Complaint as if set forth herein at length.

48. Within two years of the Petition Date, the Fraudulent Transfers (as defined above) were made from the Debtors to the Defendant for legal fees.

49. Upon information and belief, the Fraudulent Transfers to the Defendant were made without receiving reasonably equivalent value in exchange.

50. Upon information and belief, as a result of the Fraudulent Transfers, the Debtor became insolvent or was insolvent at the time of the Fraudulent Transfers.

**WHEREFORE,** Plaintiffs demand judgment against Defendant to void and recover the

Fraudulent Transfers, to recover compensatory damages, to obtain an award of counsel fees and costs, and to obtain such other relief the Court deems just and appropriate.

## COUNT IV

### Avoidance of Post-Petition Transfers under 11 U.S.C. § 549

51. Plaintiffs repeat and reassert all the allegations of the Complaint as if set forth herein at length.

52. Debtors made post-petition transfers of money and services to Defendant.

53. To the extent that the Debtors made transfer(s) to Defendant post-petition, including, but not limited to, transfers on account of obligations that arose before the Petition Date and that cleared after the Petition Date, such transfer(s) were unauthorized post-petition transfers (the "Post-petition Transfers").

54. Accordingly, the transfers are avoidable and the Plaintiffs are entitled to an order and judgment against Defendant avoiding each of the Post-petition Transfers under 11 U.S.C. § 549.

**WHEREFORE,** Plaintiffs demand judgment against Defendant to void and recover the Post-petition Transfers, to recover compensatory damages, to obtain an award of counsel fees and costs, and to obtain such other relief the Court deems just and appropriate.

## COUNT V

### Recovery of Property Under 11 U.S.C. §550

55. Plaintiffs repeat and reassert all the allegations of the Complaint as if set forth herein at length.

56. The Plaintiffs are entitled to avoid the Ninety Day Transfers, the Fraudulent Transfers and the Post-Petition transfers pursuant to 11 U.S.C. Sections 544, 547, 548 and 549.

57. Pursuant to 11 U.S.C. §550, the Ninety Day Transfers, the Fraudulent Transfers and the Post-Petition Transfers may be recovered by the Trustees.

58. The Defendant was the initial transferee of the Ninety Day Transfers, the Fraudulent Transfers and the Post-Petition Transfers, the intermediate or mediate transferee of the initial transferee of the Ninety Day Transfers, the Fraudulent Transfers and the Post-Petition Transfers or the person for whose benefit the Ninety Day Transfers, the Fraudulent Transfers and the Post-Petition Transfers were made.

**WHEREFORE,** Plaintiffs demand judgment against Defendant to void and recover the Ninety Day Transfers, the Fraudulent Transfers, the Post-Petition Transfers, to recover compensatory damages, to obtain an award of counsel fees and costs, and to obtain such other relief the Court deems just and appropriate.

## COUNT VI

### Disallowance of Claim – 11 U.S.C. § 502(d)

59. Plaintiffs repeat and reassert all the allegations of the Complaint as if set forth herein at length.

60. Defendant is the transferee of the Ninety Day Transfers, the Fraudulent Transfers and the Post-Petition Transfers which are avoidable under 11 U.S.C. §§ 544, 547, 548 and 549, and which are recoverable from Defendant under 11 U.S.C. § 550. Pursuant to 11 U.S.C. §502(d), in the event that the Defendant is liable for any avoidable Ninety Day Transfers, Fraudulent Transfers and/or Post-Petition Transfers, any claims held by the Defendant against the Debtors must be disallowed unless the Defendant pays the amount of the Ninety Day Transfers, the Fraudulent Transfers and the Post-Petition Transfers.

**WHEREFORE,** Plaintiffs demand judgment against Defendant disallowing any claims held by the Defendant against the Debtors unless the Defendant pays the amount of the Ninety Day Transfers, the Fraudulent Transfers and the Post-Petition Transfers, to recover compensatory damages, to obtain an award of counsel fees and costs, and to obtain such other relief the Court deems just and appropriate.

## COUNT VII

### For Failure to Delivery Files and Comply With a Court Order

61. Plaintiffs repeat and reassert all the allegations of the Complaint as if set forth herein at length.

62. As the Debtor's attorney, Defendants had an obligation to deliver files and information to the Debtors on request.

63. Plaintiffs' and Debtor's requested Defendant's files to assist them in the management and administration of the estate.

64. Defendant failed to promptly produce files, delayed production, interfered with production and failed to fully comply with a Court Order requiring production.

65. Defendant's failure to produce all her files for Debtor has been continuing.

66. Plaintiffs have been injured by Defendant's conduct by incurring costs and legal expenses necessary to pursue the files.

**WHEREFORE,** Plaintiffs demand judgment against Defendant finding Defendant violated a Court Order, to recover compensatory damages, to obtain an award of counsel fees and costs, and to obtain such other relief the Court deems just and appropriate.

## COUNT VIII

### Malpractice

67. Plaintiffs repeat and reassert all the allegations of the Complaint as if set forth herein at length.

68. On information and belief, Defendant was paid over $175,000 in legal fees by Debtors for her representation of Debtors, a major portion of which was for the dispute with DAI and related entities.

69. Defendant did not attend the arbitration proceeding of Debtors with DAI.

70. A decision adverse to Debtor was rendered in the arbitration proceeding.

71. Defendant advised Debtor to commence a lawsuit against DAI and to seek injunctive relief.

72. Defendant failed to commence that lawsuit before the arbitration proceeding.

73. As their attorney, Defendant owed Debtors a duty of care.

74. Defendant breached that duty to Debtors.

75. Debtors were injured and Defendant's conduct was a substantial contributing factor to the injury.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for malpractice, to recover compensatory damages, to obtain an award of counsel fees and costs, and to obtain such other relief the Court deems just and appropriate.

## COUNT IX

### For an Accounting, and for Repayment of Funds

76. Plaintiffs repeat and reassert all the allegations of the Complaint as if set forth herein at length.

77. Upon information and belief, Defendant or entities controlled by Defendant had an interest in and/or received payments, benefits and/or services from Debtors or one or more other entities managed and controlled by Debtor.

78. Defendant is under a duty to account for all payments, by cash, check or transfer, services, or other things of value received from Debtors.

79. The Trustees are entitled to, and demand, a full and accurate accounting of the amount and use of the funds, benefits or services conveyed directly or indirectly to or for the benefit of Defendant, or other entities the Defendant controlled or in which the Defendant had an interest, for the time periods referenced in this Complaint, by Debtors, one or more entities or individuals controlled by Debtors, or with funds allowed by Debtor to be used.

80. On information and belief, monies were paid to the Defendant in a series of mutual and complicated accounts and transfers.

81. The Plaintiffs do not possess an adequate remedy at law.

82. Upon the determination of the funds or items of value that Defendant received from Debtors, the Trustees demand the return of those assets, property as an asset of the estate, and such other relief as the Court may determine to be just and proper.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for an accounting, the return of property of the estate, to recover compensatory damages, to obtain an award of counsel fees and costs, and to obtain such other relief the Court deems just and appropriate.

## RESERVATION OF RIGHTS

83. The Trustees reserve the right to bring all other claims or causes of action that the Trustees might have against Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, the Trustees have not completed review and analysis of proofs of claim filed in

1557529-1                                 14

Debtors' bankruptcy case. Therefore, nothing contained in this Complaint shall be construed as a waiver of the Trustees' right to object to any proof of claim filed by the Defendant. Accordingly, the Trustee reserves the right to object, on any and all grounds, to any proof of claim asserted by Defendant. For such objections to claims, a separate notice will be given and a separate hearing will be scheduled.

**WHEREFORE,** Plaintiffs demand entry of judgment against Defendant as follows:

(a) avoiding and recovering the Ninety Day Transfers as preferences pursuant to 11 U.S.C. §§547 and 550;

(b) Avoiding and recovering the Fraudulent Transfers pursuant to 11 U.S.C. §§548 and 550;

(c) Avoiding and recovering the Fraudulent Transfers pursuant to 11 U.S.C. § 544 and N.J.S.A. 25:2-27.

(d) Avoiding and recovering the Post-Petition Transfers pursuant to 11 U.S.C. §§549 and 550;

(e) Granting judgment pursuant to 11 U.S.C. §550, in such amounts as may be proven at trial, together with prejudgment interest and costs.

(f) Disallowing Defendant's claim or claims against the Debtors pursuant to 11 U.S.C. §502(d), unless the amount of any judgment for avoidance of the Ninety Day Transfers, the Fraudulent transfers and the Post-Petition Transfers, including interest thereon, is paid in full to the Plaintiffs;

(g) Granting Plaintiffs' request for an accounting and payment of sums found due.

(h) Awarding Plaintiffs damages for Defendant's failure to turn over files and to comply with a court order.

(i) Awarding Plaintiffs damages for Defendant's malpractice.

(j) Awarding Plaintiffs reasonable attorneys' fees, costs of collection, compensatory damages and for such other relief as the Court deems just and appropriate.

Dated: February 18, 2011

McELROY, DEUTSCH, MULVANEY & CARPENTER LLP

By: */s/   Michael S. Waters*
Michael S. Waters
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 622-7711
Fax (973) 622-5313
*Attorneys for Eric R. Perkins, Esq. Chapter 7 Trustee and Special Counsel to Catherine Youngman, Esq. Chapter 7 Trustee for Shapat, Inc., Patwari, LLC, Shapat 2,LLCc, and Shapat 3,LLC*

1557529-1               16

## **EXHIBIT A**

| | |
|---|---|
| June 11, 2008 | $ 4,000.00 |
| June 20, 2008 | $ 3,000.00 |
| July 3, 2008 | $     850.00 |
| | 550.00 |
| | 800.00 |
| July 14, 2008 | $ 4,500.00 |
| July 17, 2008 | $ 2,000.00 |
| | $ 3,000.00 |
| | $ 1,800.00 |
| | $ 1,000.00 |
| July 31, 2008 | $    600.00 |
| | $ 1,200.00 |
| August 8, 2008 | $ 5,000.00 |
| August 14, 2008 | $ 1,000.00 |
| | $ 2,300.00 |
| August 15, 2008 | $ 1,700.00 |
| August 21, 2008 | $ 1,000.00 |
| August 22, 2008 | $ 4,000.00 |
| Total | $38,300.00 |

1557529