

**Law Office of Susheela Verma**
One Woodbridge Center, Suite 810
Woodbridge, N.J. 07095
732-596-1140, Fax: 732-596-1150
Defendant, Pro Se

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ) | Case No. 08-26178 (NLW) |
| In re: ) | |
| ) | |
| JESAL PATWARI, ) | |
| ) | Chapter 7 |
| Debtor_____ ) | |
| ) | |
| ERIC R. PERKINS, in his capacity as ) | Honorable Novalyn L. Winfield, U.S.B.J. |
| Chapter 7 Trustee for the Estate of Jesal ) | |
| Patwari, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ANSWER, AFFIRMATIVE DEFENSES** |
| SUSHEELA VERMA, ) | **AND JURY DEMAND** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

### NOTICE

**THE DEFENDANT, SUSHEELA VERMA, IS NOT VOLUNTARILY FILING
THIS ANSWER, BUT IT IS BEING FILED UNDER PROTEST, AND THIS
ANSWER SHALL NOT BE CONSTRUED AS CONSENT TO THE
JURISDICTION OF THE BANKRUPTCY COURT.**

Susheela Verma, Esq., the defendant, having a principal place of business at One

Woodbridge Center, Suite 810, in the City of Woodbridge, County of Middlesex and

State of New Jersey, says by way of Answer to the plaintiff's complaint says:

## A.

## JURISDICTION AND VENUE

1. The bankruptcy court does not have jurisdiction of this matter.

A.   Pursuant to Section 28 U.S.C.   § 157, a motion has been filed to withdraw the reference to the bankruptcy court, including but not limited to the following reasons:

(1). The defendant has a right to a jury trial.  See Granfinanciera, S.A. Nordberg, 492 U.S. 33 (1989) and the Seventh Amendment.

(2). The defendant is entitled to have its matters heard by an Article III Judge.

(3). The defendant demanded a jury trial.

(4). The defendant does not consent to a jury trial before a judge of the bankruptcy court. Therefore the bankruptcy court may not conduct a jury trial.  28 U.S.C. § 157 (e).

(5). Judicial efficiency is served by withdrawing the reference with regard to all of the proceedings.

(6). For such other reasons, set forth in defendant's motion to withdraw the reference to the bankruptcy court.

## B.

## CORE VS. NON-CORE

1. Count VIII for malpractice and Count III for a fraudulent transfer based upon the New Jersey Fraudulent Transfer Act, N.J.S.A. 25:2-1 et seq. are non-core proceedings.

2. They are based on state law.

3. The malpractice claim is independent of and antecedent to the filing of the bankruptcy action.

2

4.   The jurisdiction of the court over counts I and V of the plaintiff's complaint is not based upon diversity of citizenship or a federal question.   These matters are properly heard in other courts.

## C.

## DEMAND FOR A JURY TRIAL AS TO ALL COUNTS

1.  Pursuant to the Seventh Amendment, the defendant demands a trial by jury on all counts.

2.  The claims plead by the plaintiff are legal and in so far as they are legal Verma is entitled to a jury trial.

3.  The defendant did not file a proof of claim.

4.  The defendant does not consent to the conduct of a trial by the bankruptcy court.

5.  The case must be transferred to the district court or such other courts as necessary to effectuate the defendant's demand for a jury trial.

## 2.

## DEFENDANT'S ANSWER TO ALLEGATIONS OF THE PLAINTIFF'S CONSOLIDATED SECOND ADVERSARY COMPLAINT

The defendant, Susheela Verma, does hereinafter answer each and every allegation of the plaintiff's complaint. Her answers are as follows:

## JURISDICTION AND VENUE

1. Denied.  In response to this allegation, the defendant repeats her claims as contained above in Sections A, B &C.

2. Denied.  In response to this allegation, the defendant repeats her claims as contained above under Sections A, B & C.

3

3. Denied. In response to this allegation, the defendant repeats her claims as contained above under Sections A, B & C.

4. Denied. In response to this allegation, the defendant repeats her claims as contained in Sections A, B & C.

## BACKGROUND AND PARTIES

5. Admitted to the extent that Mr. Perkins has been appointed by the court as a trustee.

6. Admitted to the extent that Mr. Perkins has been appointed by the court as a trustee.

7. Admitted.

8. Admitted.

9. Admitted to the extent that bankruptcy petitions were filed by the debtors on or about August 27, 2008. The defendant is not privy to specific orders and other details referenced in this allegation and therefore she neither admits nor denies these additional claims or allegations.

10. The defendant is not privy to the details of the allegations stated in this paragraph and therefore is not in a position to admit or deny the same with certainty.

## GENERAL ALLEGATIONS

11. Admitted.

12. Admitted with the qualification that the time period when the representation may have commenced for each debtor could be different.

13. Admitted with qualification that there was one related entity of DAI.

14. Admitted.

4

15.    Admitted that the disputes between Debtor Patwari and DAI resulted in arbitration proceedings. Denied that the arbitration proceedings resulted in the closing of the debtors' stores and other implied and indirect allegations. Further, as to why the dispute began and with what and whether or not same began with audit is neither being denied nor admitted. The plaintiffs are left to their proofs.

16.    Admitted only to the extent that legal fees were paid to the defendant and that part of it pertained to disputes with DAI. The defendant denies that the debtors paid over $175,000 in legal fees.

17.    Denied.

18.    Denied.

19.    Part of this allegation pertains to DAI which the defendant cannot admit or deny. The record speaks for itself. The balance of the allegation is denied.

20.    Admitted that defendant filed suit and obtained an injunction. The balance of the allegation is an opinion of counsel and is not amenable to a precise response from the defendant and therefore the same is denied.

21.    Denied with the qualification that it contains opinion and speculation and therefore not amenable to a better response.

22.    Denied.

23.    Denied. This allegation is an opinion of counsel.

24.    DAI filed what if filed. Denied that any claim filed by DAI is correct, subject to trebling or otherwise has a substantial value. The negligence of the debtors, failure to act, and/or the malpractice of the trustees or other third parties are responsible for any amount due under DAI's claim.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Admitted only to the extent that certain payments were made by the debtors during the stated time period. The balance of the allegation is denied.

30. This allegation is an opinion or other narrative that pertains to the plan of action or desires of the trustees or their counsel. The defendant is not in a position to admit or deny the plaintiffs' opinion or thought process. The plaintiffs are left to their proofs.

31. This allegation is an opinion or other narrative that pertains to the plan of action or desires of the trustees or their counsel. The defendant is not in a position to admit or deny the plaintiffs' opinion or thought process. The plaintiffs are left to their proofs.

## COUNT 1

### Avoidance of Preferential Transfers – 11 U.S.C. § 547

32. The defendant repeats and reasserts all of the preceding answers to the allegations of the Complaint as if set forth herein at length.

33. Admitted only to the extent that certain payments for attorney's fees and cost were made by the debtors to the defendant. The rest of direct or implied allegations are denied.

34. This allegation is either an opinion of the plaintiffs or their counsel or a conclusion of law and thus not amenable to an admission or denial by the defendant. The plaintiffs are left to their proofs.

35. This allegation is either an opinion of the plaintiffs or their counsel or a conclusion of law and thus not amenable to an admission or denial by the defendant. The plaintiffs are left to their proofs.

36. This allegation is either an opinion of the plaintiffs or their counsel or a conclusion of law and thus not amenable to an admission or denial by the defendant. The plaintiffs are left to their proofs.

37. Denied with the qualification that this allegation is either an opinion of the plaintiffs or their counsel or a conclusion of law and thus not amenable to an admission or denial by the defendant. The plaintiffs are left to their proofs.

38. Denied with the qualification that this allegation is either an opinion of the plaintiffs or their counsel or a conclusion of law and thus not amenable to an admission or denial by the defendant. The plaintiffs are left to their proofs.

39. Denied with the qualification that this allegation is either an opinion of the plaintiffs or their counsel or a conclusion of law and thus not amenable to an admission or denial by the defendant. The plaintiffs are left to their proofs.

40. Denied with the qualification that this allegation is either an opinion of the plaintiffs or their counsel or a conclusion of law and thus not amenable to an admission or denial by the defendant. The plaintiffs are left to their proofs.

41. Denied. This allegation is either an opinion of the plaintiffs or their counsel or a conclusion of law and thus not amenable to an admission or denial by the defendant. The plaintiffs are left to their proofs.

42. Denied. This allegation is either an opinion of the plaintiffs or their counsel or a conclusion of law and thus not amenable to an admission or denial by the defendant. The plaintiffs are left to their proofs.

**WHEREFORE**, the defendant, Susheela Verma, Esq. demands dismissal of the plaintiff's complaint and for an award of costs, interest and reasonable counsel fees.

## COUNT II

### Avoidance of Fraudulent Transfers Under § 548

43. The defendant repeats and reasserts all of the preceding answers to the plaintiff's complaint as if set forth herein.

44. Denied with the qualification that part of this allegation is a conclusion made by the counsel.

45. Denied with the qualification that part of this allegation is a conclusion made by the counsel.

46. Denied with the qualification that part of this allegation is a conclusion made by the counsel.

**WHEREFORE**, the defendant, Susheela Verma, Esq. demands dismissal of the plaintiff's complaint and for an award of costs, interest and reasonable attorney fees.

## COUNT III

### Avoidance of Fraudulent Transfers
### 11 U.S.C. § 544, N.J.S.A. 25:2-27

8

47. The defendant repeats and reasserts all of the preceding answers to the plaintiffs' complaint as if set forth herein.

48. Denied with the qualification that this is a conclusion made by the counsel.

49. Denied with the qualification that this is a conclusion made by the counsel.

50. Denied with the qualification that this is a conclusion made by the counsel.

**WHEREFORE**, the defendant, Susheela Verma, Esq., demands dismissal of the plaintiff's complaint plus costs, interest and reasonable attorney fees.

## COUNT IV

### Avoidance of Post-Petition Transfers under 11 U.S.C. § 549

51. The defendant repeats and reasserts all of the preceding answers to the allegations of the plaintiff's complaint as set forth herein.

52. Denied.

53. Denied. It is a conclusion of counsel.

54. Denied. It is a conclusion of counsel.

**WHEREFORE**, the defendant, Susheela Verma, Esq. demands dismissal of the plaintiffs' complaint plus costs, interest and reasonable counsel fees.

## COUNT V

### Recovery of Property Under 11 U.S.C. § 550

55. The defendant repeats and reasserts all of its answers to the preceding allegations of the plaintiffs' complaint as set forth at length herein.

56. Denied.

57. Denied.

58. Denied. This allegation is full of opinions and legal conclusion.

**WHEREFORE**, the defendant, Susheela Verma, Esq. demands dismissal of the plaintiff's complaint plus costs, interest and reasonable attorney fees.

## COUNT VI

### Disallowance of Claim – 11 U.S.C. § 502(d)

59. The defendant repeats and reasserts all of the preceding answers to the plaintiff's complaint as if set forth at length.

60. Denied. This allegation is full of opinion of counsel and legal conclusions.

**WHEREFORE**, the defendant, Susheela Verma, Esq. demands dismissal of the plaintiff's complaint plus costs, interest and reasonable attorney fees.

## COUNT VII

61. The defendant repeats and reasserts all of the preceding answers to the plaintiff's complaint as if set forth at length.

62. Admitted as to the obligation, denied as to the debtors' request.

63. Denied with the qualification that the debtor did not properly request the files and intentionally obstructed the process with an intent to harass the defendant.

64. Denied.

65. Denied.

66. Denied.

**WHEREFORE**, the defendant, Susheela Verma, Esq. demands dismissal of the plaintiff's complaint plus costs, interest and reasonable attorney fees.

## COUNT VIII

### Malpractice

67.  The defendant repeats and reasserts all of the preceding answers to the allegations of the plaintiff's complaint as if set forth herein at length.

68.  Admitted only to the extent that the defendant was paid legal fees for the services performed. For the balance of the allegations, the plaintiffs are left to their proofs.

69.  Admitted.

70.  Denied with the qualification that the allegation contains an opinion.

71.  Admitted to the extent that the defendant filed a lawsuit.  The balance of the allegation is denied.

72.  Denied to the extent it implies a wrongdoing on part of the defendant.

73.  Admitted.

74.  Denied.

75.  Denied.

**WHEREFORE**, Defendant, Susheela Verma, Esq., demands a dismissal of the plaintiff's complaint plus costs, interest and reasonable attorney fees.

## COUNT IX

### For an Accounting, and for Repayment of Funds

76.  The defendant repeats and reasserts all of the preceding answers to all of the allegations of the Complaint as if set forth herein at length.

77.  This allegation is confusing. The defendant admits that certain legal fees were paid by the debtors for services and cost. The balance of the direct or implied allegations are denied.

78.  No answer required.  It is a legal allegation, opinion and/or conclusion.

11

79.  Neither admitted nor denied and plaintiff is left to their proofs. This allegation contains, desire, opinion and conclusions.

80.  Denied with clarification that money was paid as fees are normally paid. This allegation contains assumptions and opinions of the trustees or their counsels.

81.  Denied.

82.  This is not an allegation and instead sounds like a plan or pray for relief. Denied to the extent the trustees allege that they are entitled to a return.

**WHEREFORE**, the defendant, Susheela Verma, Esq., demands a dismissal of the plaintiff's complaint plus costs, interest and reasonable attorney fees.

## RESERVATION OF RIGHTS

83.  Denied that the trustees have a right to plead in this manner. This allegation is not factual and does not plead any cause of action.

**WHEREFORE**, the defendant, Susheela Verma, Esq. demands a dismissal of the plaintiff's complaint plus costs, interest and reasonable attorney fees.

## PRAYER FOR RELIEF

The plaintiff, Eric R. Perkins, in his capacity as Chapter 7 Trustee for the Estate of Jesal Patwari is not entitled to any relief contained in this part by way of the Adversary Complaint and therefore the defendant, Susheela Verma, Esq.  prays for the relief as follows:

1.  For dismissal with costs of suit and reasonable attorney fees as allowed by law; and,

2.  For such other and further relief as the Court deems fair, equitable and just.

May 19, 2011

_____
David Curcio, Esq.

## AFFIRMATIVE DEFENSES

The defendant, Susheela Verma, Esq. ("Verma") asserts the following Affirmative Defenses. The plaintiffs, debtors, are all referred to as "Patwari." The Affirmative Defenses are as follows:

1. Patwari is not entitled to equitable relief inasmuch as she has been guilty of inequitable conduct and has failed to come into equity with clean hands.

2. The occurrence complained of was proximately caused by actions and negligence of third parties, over which defendant had no control, which actions and negligence intervened and superseded any negligence of the answering party, thereby precluding recovery.

3. Defendant is not guilty of any negligence, wrongdoing or breach of duty as claimed.

4. This Court does not have subject matter jurisdiction.

5. Patwari's loss, if any, was caused by the intervening acts or omissions of persons other than the defendant, which acts were the superseding cause of Patwari's losses, and not reasonably foreseeable.

6. Defendant alleges that Patwari's alleged losses and damages, if any, are due to intervening, supervening causes beyond the control of Defendant.

7. The alleged losses to Patwari, if any,  were proximately caused by a new, independent, and  intervening cause, namely, the failure of the debtor's bankruptcy lawyer to file the debtors petition  in bankruptcy and obtain a stay prior to the United

States District Court hearing Subway's motion to preliminary enjoin the defendants from using Subway's trademark.

8. Verma says that at all times relevant hereto, she exercised the skill and reasonable care and diligence exercised by lawyers and conducted herself with good faith and integrity.

9. At the time in question, Patwari was guilty of negligence by reason of her failure to use that degree of care that would have been used by an ordinarily reasonable and prudent business person under the same or similar circumstances, in that Patwari did not pay required royalty or advertising fees due to DAI; did not maintain proper records and committed fraud in reporting sales; repeatedly failed to maintain business premises in accordance with DAI standards and was cited for violations constantly; breached her loan and other obligations to third parties which resulted in repeated and continuing breach of franchise agreements; caused multiple and global breaches of material contracts necessary to run a business; could not defend an audit due to her unclean and questionable accounting and business practices and failed to maintain professional business relationship with DAI and created overall chaos in the debtor's business by her reckless and grossly negligent business management style. This negligence on the part of Patwari caused, or contributed to, the matters complained of in Patwari's complaint.

10. Verma says that any damages suffered by Patwari as a result of the circumstances pled in Patwari's complaint were the direct result of plaintiff's failure to take reasonable action to prevent damages, and by such failure, Patwari failed to mitigate any damages complained of in this action.

11. Patwari's damages were caused by her own fault.

14

12. Patwari's losses if any were caused in whole or in party by Patwari's own reckless acts, negligence or fault and not by any acts of Verma.

13. Any claims against Verma are barred by contributory negligence or should be mitigated by comparative negligence pursuant to N.J.S.A. 2A:15-5.1 et seq.

14. The loss set forth in Patwari's complaint caused by and arose out of the risks that Patwari accepted and had full knowledge of which she assumed.

15. The debtors materially breached the contract for the performance of legal services and their breach caused damages to Verma.

16. The transfers under the Uniform Fraudulent Act ("UFTA") N.J.S.A. 25:2-1 et seq, were not fraudulent as to present and future creditors.

A. The transfers were not made with the actual intent to hinder, delay, or defraud any creditor of the debtors.

B. The exchanges were made for a "reasonably equivalent value" in exchange for the transfer or obligation.

17. Pursuant to N.J.S.A. 25:2-23, the debtors were not insolvent.

18. Pursuant to N.J.S.A. 25:2-23e, the debts were secured by a valid lien on the assets of the Patwari and are not included.

19. As statutory defenses to Patwari's claims to avoid transfers under the UFTA Verma says:

A. Pursuant to N.J.S.A. 25:2-30a, Verma is a person who took in good faith and for a reasonably equivalent value.

B. Pursuant to N.J.S.A. 25:2-30d, Verma is a good faith transferee and the transfer is protected under subsections (1), (2) and (3).

15

C. Pursuant to N.J.S.A. 25:30e, Verma had a security interest in the proceeds transferred that complied with Article 9 of the Uniform Commercial Code.

D. Pursuant to N.J.S.A. 25:30f(1), Verma gave new value to or for the benefit of Patwari for services after the transfer was made.

E. Pursuant to N.J.S.A. 25:30f(2), the transfer was made in the ordinary course of business or financial affairs of the debtor.

F. Pursuant to N.J.S.A. 25:30f(3), the transfers were made pursuant to a good-faith effort to rehabilitate the debtor and the transfer secured present value given for that purpose as well as antecedent debt of the debtors.

G. Pursuant to N.J.S.A. 25:2-25, the transfers from Patwari to Verma were arms-length-transfers for fair market value and not a fraudulent transfer.

20. Pursuant to N.J.S.A. 25:2-26, the defendant's status, actions and statements do not support a finding that of any of the factors in determining fraudulent intent.

21. Pursuant to N.J.S.A. 25:2-27, none of the transfers were fraudulent as to any present creditors.

A. The debtor received a reasonably equivalent value in exchange for the transfer or obligation and the debtor was not insolvent nor did the debtor become insolvent as a result of the transfer.

B. The transfers were not made to an insider for an antecedent debt and the debtor was not insolvent.

22. Verma states that Patwari lacks standing to assert her various claims for relief.

23. As a separate affirmative defense, the plaintiff failed to join a necessary party under F.R. Civ. P. 19.

24. As a separate affirmative defense, the plaintiff has not proved that there is a successful underlying claim to the malpractice count.

25. As a separate affirmative defense, the loss suffered by the plaintiff, if any, was caused by her own intentional acts, and/or her own acts of misconduct, and/or her failure to act, fraud, and/or her inaction that substantially contributed to her loss, if any.

26. Any actions filed by the trustee, based upon preference avoidance may not be avoided because such transfers are excepted:

A. Pursuant to 11 U.S.C. § 547(c) (1), the transfer is both intended to be one for present value and in fact was substantially contemporaneous with debtor's receipt of consideration.

B. Pursuant to 11 U.S.C. § 547(c) (2), the transfer was in payment of a debt incurred by the debtor in the ordinary course of business for financial affairs of the debtor and Verma, and such transfer was made in the ordinary course of business or financial affairs of the debtor or made according to ordinary business terms.

C. Pursuant to 11 U.S.C. § 547(c) (3), the transfer is not avoidable.

D. Pursuant to 11 U.S.C. § 547(c) (4), the transfer was made for the benefit of creditor which gave new value to or for the benefit of the debtor, subject to §§ (A) and (B).

E. Pursuant to 11 U.S.C. § 547(c) (5), the law fixes an Attorney lien on debt owed by a client. It was a perfected security interest. The transfer did not harm any unsecured claims as defined by this title.

17

F.   Pursuant to 11 U.S.C. § 547(c) (6), the law fixes an Attorney lien on debt owed by a client. The fixing of the lien is not avoidable under section 545 of this title.

G.   Pursuant to 11 U.S.C. § 547(c) (8), the transfer involved property less than $5,000.00.

H.   Verma is not an insider's such as an officer, director or affiliate of the debtors.

I.   Verma exchanged fair consideration with the plaintiff.

J.   Each transfer made by Patwari to Verma was a bargained for exchange for new consideration and not to pay down any antecedent debt.

K.   Verma acted in good faith.

I.   The debts incurred by Patwari were incurred in the ordinary course of business to purchase ongoing legal services to operate her business.

J.   Patwari and Verma intended a substantially contemporaneous exchange for new legal services.

K.   Verma rendered routine legal services to Patwari pursuant to the parties' prior transactions and/or pursuant to common practices in the industry.

L.   Prior to and after each transfer, Verma gave new value to Patwari.

M.   Verma performed legal services on an open account for Patwari in the ordinary course of business.

N.   The transfer of money to Verma was open and notorious.  She is not an insider.

0.   The transfers are outside of the time set forth in the statute of limitations.

27.   As a separate affirmative defense, the defendant has not filed a proof of loss or made any claim against the estate of the debtors.

18

28. As a separate affirmative defense, Count VI of the plaintiff's complaint *"Disallowance of Claim – 11 U.S.C. § 502(d)"* does not state a claim, because the defendant has not filed or made a claim against the estate. Therefore no such cause of action exists.

29. The part of Patwari's pleading called *"RESERVATION OF RIGHTS"* does not state a cause of action. It is not permitted by the Rules of Federal Civil Procedure.

30. Count VII, does not state a claim for relief as it is an alleged contempt.

31. Count VII is duplicative of Count VII and should be dismissed.

32. The payment of money by Patwari to Verma did not favor any creditors, help a favored class of creditors, nor pay for any antecedent debt.

33. Patwari did not substantially comply with the Affidavit of Merit Act, N.J.S.A. 2A:53A-26 et al and the eighth count (VIII) of her complaint for damages based upon professional negligence must be dismissed with prejudice.

34. Each of Patwari's causes of action is barred by the applicable statute of limitations.

35. Verma at all times complied with all orders of the court.

36. Each time Patwari transferred property to Verma, it was on account of a secured debt pursuant to the New Jersey Attorney's Lien Act, N.J.S.A. 2A:13-5 et seq.

37. There is no substantial basis upon which to refund any part of the proceeds paid by Patwari for legal services.

38. Pursuant to R. 3:16, the corporate defendants "shall appear by its attorney for all purposes." As such the corporate entities by law had to retain the services of Verma

in order to assert legal positions, conduct themselves, and act in the ordinary course of business.

39. The trustee/Patwari filed a frivolous suit as defined by Fed.R.Civ.P. 11 and R. 1.4-8 of the N.J. Court Rules, 1969; and Patwari filed a frivolous suit under the frivolous-suite statue, N.J.S.A 2A:15-59.1.    Therefore Verma prays for a dismissal of the defendants' complaint, with prejudice, plus costs of suit and reasonable attorney fees.

40. The Subway trademark is owned by DAI. The debtors did not infringe the Subway trademark. DAI did not sustain a loss under the Lanham Act, 15 U.S.C. § 1051 et seq.    The debtors' negligence or the malpractice of the trustee or third-parties, in failing to assert appropriate defenses to DAI's claims resulted in the claim of DAI. Those defenses are as follows:

A. Laches. The debtors used the Subway mark pursuant to a court order. Doctor Associates, Inc. did not take any action for almost a year. It should be estopped to claim that the use of its mark caused any damages.

B. Unclean Hands. Doctor' Associates, Inc. acted with unclean hands. The need to punish it far outweighs the need for relief.

C. Fair use.

D. Collateral use.

F. The use of the mark by debtors did not cause any confusion.

G. No passing off. All of the component units of the product were Subway approved items.

H. No intent to infringe.

I. The debtors used the DAI Subway mark pursuant to four franchise contracts.

J.  The New Jersey Superior Court found the arbitration provisions of the 4 (four) franchise agreement unconscionable and unenforceable.  The use of the debtors' use of the DAI trademark is appropriate and did not infringe DAI's mark.

K.  DIA did not sustain a loss.

L.  The debtors did not act in bad faith.

M.  No facts exist that support the trebling of damages.

N.  The injunction issued by the District Court was erroneous and the debtors are entitled to damages.

41.  Under 11 U.S.C. § 548, the trustee alleges that you may void transfers because they were fraudulent.  Verma denies the claims and alleges the following defenses:

A.  She is not an insider.

B.  She did not have the intent to defraud the debtor.

C.  She did not have intent to hinder or delay creditors.

D.  Patwari did not receive less than a reasonably equivalent value in exchange for any transfers.

E.  Patwari was not insolvent on the date of such transfers; and did not become insolvent because of such transfers.

F.  Patwari paid for continued legal services, not antecedent debt.

G.  Patwari was paying for future legal services.

H.  By court rule, Patwari's business entities must be represented by a lawyer and Patwari retained Verma for that purpose.

I.  Patwari did not make such transfer with actual intent to hinder, delay, or defraud any entity or debtor.

J.  Verma had a lien imposed by the law in sums paid by Patwari for legal services.

K.  Verma acted in good faith.

L.  Verma has a statutory attorney lien protected by § 545.

M.  The transfers were made in the ordinary course of business for legal services to operate the debtor entities.

O.  The transfers from Patwari to Verma were arms-length-transfers for fair market value and not a fraudulent transfer.

P.  Verma raises any other defenses that may appear under applicable statute or case law.

Q.  Any and all applicable defenses as raised in #s 16, 17, 18, 19, 20 and 21 of the defendant's affirmative defenses.

38.  Based upon the benefits and harms, the trustee lacked the power to waive Patwari's attorney-client privilege.

39.  Verma at all times complied with the N.J. Rules of Professional Conduct, the N.J. Rules of Evidence and other applicable laws and the orders of the court in turning over Patwari's files to the plaintiff.

40.  Patwari did not consent to the turnover of her files to the bankruptcy trustee and failed to cooperate and continues to do so to this date.

41.  The trustee is not a disinterested person.  Upon information and belief it is plead that the trustee Youngman has a conflict that mandates her withdrawal. She failed

to disclose the same and further filed a false affidavit with the court and failed to take corrective actions.

42. Trustees rights are adverse to the debtors.

43. Damage caused to Patwari, if any, was due to two inconsistent Court orders of two different courts and not due to actions of Verma.

44. The trustees breached their duties of honesty, fairness and impartiality.

45. Trustees failed to act reasonably.

46. The trustees failed to act impartially and were selective in that they ignored a material act/or failure to act on part of the debtors' bankruptcy attorneys which caused the closing of the businesses. Verma has potential claim against trustees and does not waive the same. She reserves her right to do so in her discretion.

47. Trustees imprudently incurred costs that are not necessary and reasonable and decided to pursue a claim which is likely to fail.

48. The bankruptcy court lacks jurisdiction to hear the matter.

49. Verma is entitled to an Article III judge.


Dated: May 19, 2011                                    _____
                                                       David Curcio, Esq.


## JURY DEMAND

The defendant, Susheela Verma, demands a trial by jury as to all issues so triable.

May 19, 2011

_____
David Curcio, Esq.