# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC R. PERKINS, in his capacity as Chapter 7 Trustee for the Estate of Jesal Patwari; and CATHERINE YOUNGMAN, in her capacity as Chapter 7 Trustee for Shapat, Inc., Patwari, LLC, and Shapat 3, LLC, | Civil Action No. 11-2557 (SDW)(MCA) |
| Plaintiffs, | **OPINION** |
| v. | October 27, 2011 |
| SUSHEELA VERMA, | |
| Defendant. | |

**WIGENTON**, District Judge.

This matter comes before the Court on Defendant Susheela Verma's ("Defendant" or "Verma") Motion for an Order Withdrawing the Reference pursuant to 28 U.S.C. § 157(d), of the Adversary Proceeding captioned Eric R. Perkins, Chapter 7 Trustee for the Estate of Jesal Patwari, and Catherine E. Youngman, Esq., Chapter 7 Trustee for Shapat, Inc., Patwari, LLC, Shapat 2, LLC and Shapat 3, LLC v. Susheela Verma (the "Motion"). This Court has jurisdiction pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409. This Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons below, Defendant's Motion is DENIED without prejudice.

1

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

   A. *Relevant Background*

On August 27, 2008, Jesal Patwari, f/k/a Jesal Desai ("Patwari") and Shapat, Inc. (collectively "Patwari") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). (Def.'s Ex. C, Adversary Compl. ¶ 8.) On the same day, Patwari also filed voluntary Chapter 11 petitions on behalf of four corporations: Patwari, LLC, Shapat, Inc., Shapat II, LLC, and Shapat III, LLC (collectively "Corporate Debtors"), through which she owned and operated four Subway sandwich shops.[1] (*Id.* ¶ 9.) Verma, was the Corporate Debtors' former legal counsel. She represented the Debtors in various pre-petition legal matters against Doctors Associates, Inc. ("DAI"), which was the franchisor of Patwari's Subway sandwich shops. (*Id.* ¶¶ 12-14.) On February 17, 2009, the Corporate Debtors' cases were jointly administered under the lead case *Shapat, Inc.*, Bankr. Case No. 08-26181. (*Id.* ¶ 9.) On July 20, 2009, the Debtors' Chapter 11 proceedings were converted to Chapter 7 proceedings. (*Id.* ¶ 10.) Eric R. Perkins was appointed Chapter 7 Trustee for the Debtors on July 21, 2009 ("Patwari Trustee"). (*Id.* ¶ 5.) Thereafter, Catherine Youngman was appointed the Chapter 7 Trustee for the bankruptcy estates of the Corporate Debtors ("Corporate Debtors Trustee").[2] (*Id.* ¶ 6.) Plaintiff Trustees filed a motion for turnover of documents relating to Defendant's pre-petition representation of Patwari and the Corporate Debtors and Defendant filed a cross-motion to be relieved as counsel. By Order dated February 2, 2010, the Bankruptcy Court granted Plaintiff Trustees' Motion and Defendant's Cross-Motion ("Turnover Order"). (Pl. Trustees' Br. ¶ 12.)

---

[1] In order to avoid confusion, the Court shall hereinafter refer to Patwari and the Corporate Debtors collectively as "Debtors."
[2] The Court shall hereinafter refer to Corporate Debtors Trustee and Patwari Trustee collectively as "Plaintiff Trustees."

2

On August 26, 2010, Plaintiff Trustees, on behalf of their respective bankruptcy estates, filed adversary proceedings. (*Id.* ¶ 2.) The Bankruptcy Court by Order dated March 1, 2011, consolidated the separate adversary proceedings. (*Id.* ¶ 3.) In the underlying complaints, Plaintiff Trustees seek to avoid and recover certain transfers the Debtors made to, or for the benefit of Verma pursuant to 11 U.S.C. §§ 544, 547-550 of the Bankruptcy Code, to disallow claims pursuant to 11 U.S.C. § 502(d) and N.J. Stat. Ann. §§ 25:2-25 and 27, and to recover payments received and injury caused by Verma with respect to her pre-petition legal representation of the Debtors. (Def.'s Reply Br. Ex. C, Adversary Compl. ¶¶ 32-58.) On November 30, 2010, Defendant, *pro se*, filed a motion to dismiss. On February 8, 2011, the Bankruptcy Court denied Defendant's motion to dismiss and granted Plaintiff Trustees' leave to amend within ten (10) days. (Pl. Trustees' Br. ¶ 3.) Plaintiff Trustees filed a timely Second Amended Complaint on February 18, 2011. The Second Amended Complaint contains nine counts: (I) Avoidance of Preferential Transfers; (II) Avoidance of Fraudulent Transfers under § 548; (III) Avoidance of Fraudulent Transfers under N.J. Stat. Ann. §§ 25:2-25 and 27; (IV) Avoidance of Post-Petition Transfers under § 549; (V) Recovery of Property under § 550; (VI) Disallowance of Claim under § 502(d); (VII) Failure to Deliver Files and Comply with the Bankruptcy Court's Turnover Order; (VIII) Legal Malpractice; and (IX) Accounting and Repayment of Funds. (Def.'s Reply Br. Ex. C, Adversary Compl. ¶¶ 32-82.)

On April 7, 2011, Defendant filed a motion to stay the adversary proceedings and to extend her time to answer, which the Bankruptcy Court denied on May 13, 2011. On April 21 and May 19, 2011, Defendant filed an answer to the underlying adversary complaint and a jury demand. (Def.'s Reply Br. Exs. A, B.)

3

### B. *Defendant's Motion to Withdraw the Reference*[3]

On April 7, 2011, Defendant filed the instant Motion. Defendant submits that Count III for fraudulent conveyance, and Count VIII for legal malpractice are state law claims and should be tried either in state court or before this Court. (Docket No. 1.) Defendant also contends that she: (1) never filed a proof of claim in the underlying bankruptcy proceeding; (2) refuses to submit to the jurisdiction of the bankruptcy court; (3) is guaranteed a jury trial; and (3) does not consent to the bankruptcy court conducting a jury trial. (Def.'s Reply Br. Ex. A ¶¶ 3-4.[4]) Based on the above and her desire to have her matter adjudicated by an Article III or state court judge, Defendant asserts that mandatory withdrawal is applicable. (Docket No. 1, ¶ 7.) Defendant further maintains that because she is neither a debtor nor has she filed a proof of claim in the underlying bankruptcy proceeding, she has an inviolable Constitutional right under the Seventh Amendment to a jury trial as to the fraudulent conveyance claims under New Jersey State law and the legal malpractice claim. (*Id*. ¶¶ 14,[5] 16.)

On the other hand, Plaintiff Trustees argue that most of the claims are core proceedings under the Bankruptcy Code. (Pl. Trustees' Br. ¶ 6.) They also allege that Verma has represented the Debtors pre and post-petition and "availed herself of the assistance of the Bankruptcy Court."

---

[3] In a separate but related proceeding, DAI, which had filed a lawsuit in district court to enforce arbitration awards and relief for trademark infringement, filed a motion to withdraw the reference ("DAI's Motion"). *Doctors Assocs., Inc. v. Desai,* No. 10-575, 2010 WL 3326726 (D.N.J. Aug. 23, 2010). DAI sought withdrawal because it was concerned about the "misapplication of the Federal Arbitration Act," 9 U.S.C. § 2, *et seq*. (2006) ("FAA"). *Id.* at *6. The Hon. Katherine S. Hayden, U.S.D.J., denied DAI's Motion. *Id.* at *5. Judge Hayden determined that neither mandatory nor permissive withdrawal under § 157(d) was warranted. *Id.* Specifically, she found that while DAI filed claims involving the FAA and the Lanham Act, 15 U.S.C. § 1051, *et seq*. (2006), substantial and material consideration of those laws was not required. *Id*. at *5. She also noted that DAI and Subway had filed proofs of claims in the bankruptcy court. *Id*. at *6. Furthermore, she found that "[b]oth claims relate[d] to the prior arbitration and currently both [we]re within the bankruptcy court" and allowing them to remain there would promote uniformity in bankruptcy administration because of the possible overlap in discovery between the two cases. *Id*. at *6. Additionally, Judge Hayden determined that allowing the DAI adversary proceeding to remain in the bankruptcy court would reduce "forum shopping" and confusion. *Id.*
[4] There are two paragraphs numbered "four" in this exhibit.
[5] Here also, there are two paragraphs numbered "fourteen." Therefore the paragraph cited is actually paragraph 15.

(*Id*. ¶ 7.)  Plaintiff Trustees further maintain that Defendant waived her right to a jury trial through an arbitration provision in the retainer agreement she had with the Debtors.  (*Id*. ¶ 8.)

## II.     CONCLUSIONS OF LAW

### A. *Statutory Basis*

The District Court confers jurisdiction to the Bankruptcy Court in this District under a standing order of reference dated July 23, 1984.  28 U.S.C. § 157(a).  After a Title 11 proceeding is referred to the bankruptcy court, § 157(d) governs the district court's authority to withdraw that reference permissively "for cause" or mandatorily.  Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

*Id.*

### B. *Mandatory Withdrawal*

Defendant, as the moving party, "bears the burden of demonstrating that a substantial and material consideration of non-bankruptcy law is necessary to resolve the case." *United States v. Wood*, 161 B.R. 17, 20 (D.N.J. 1993) (citing *In re Cont'l Airlines*, 138 B.R. 442, 444 (D. Del. 1992); *In re Mich. Real Estate Ins. Trust*, 87 B.R. 447, 459 (E.D. Mich. 1988)); *see also In re Anthony Tammaro, Inc.*, 56 B.R. 999, 1006-07 (D.N.J. 1986) ("[T]he moving party must establish that the proceeding involves a substantial and material question of both Title 11 and non-Code federal law and that the non-Code federal law has more than a *de minimis* effect on interstate commerce.").  "Mandatory withdrawal is to be applied narrowly to ensure bankruptcy

5

cases are litigated in the bankruptcy courts and to prevent § 157(d) from becoming an 'escape hatch' from litigating cases under the Bankruptcy Code." *Official Comm. of Asbestos Claimants v. G-I Holdings, Inc. (In re G-I Holdings, Inc.)*, 295 B.R. 211, 221 (D.N.J. 2003) (quoting *In re Mahlmann*, 149 B.R. 866, 870 (N.D. Ill. 1993)).

### C.  Permissive Withdrawal

"Cause" is not defined in either the legislative history or the statute, but the Third Circuit Court of Appeals has directed that "[t]he district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).  Defendant, as the moving party, bears the burden of showing cause.  *Travelers Cas. & Sur. Co. v. Skinner Engine Co. (In re Am. Capital Equip.), LLC*, 325 B.R. 372, 375 (W.D. Pa. 2005) (citing *In re NDEP Corp.*, 203 B.R. 905, 907 (D. Del. 1996)).

"A bankruptcy court may enter final judgments only to 'core proceedings' absent consent of the parties." *Schubert v. Lucent Techs. Inc. (In re Winstar Commc'ns, Inc.)*, 554 F.3d 382, 405 (3d Cir. 2009) (citing 28 U.S.C. § 157(b)-(c).  The Third Circuit "has adopted a two step process to determine whether a claim is a core proceeding." *In re Winstar Commc'ns, Inc.*, 554 F.3d at 405.  "First, 'a court must consult § 157(b)' to determine if the claim at issue fits within that provision's 'illustrative list of proceedings that may be considered core.'  If so, 'a proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.'" *Id.* (alteration in original) (internal quotation marks and citations omitted) (quoting *Halper v.*

6

*Halper*, 164 F.3d 830, 836 (3d Cir. 1999)). Second, "[e]ven if a claim is not a core proceeding, a bankruptcy court may still have jurisdiction over the claim if the claim is 'related to a case under title 11,' i.e. the Bankruptcy Code." *In re Winstar Commc'ns, Inc.*, 554 F.3d at 405 (citing 28 U.S.C. § 157(c)(1)). According to the Third Circuit, a civil proceeding "falls within the bankruptcy court's 'related to' jurisdiction if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *In re Winstar Commc'ns, Inc.*, 554 F.3d at 405 (quoting *Halper*, 164 F.3d at 837).[6]

### III. DISCUSSION

#### A. *Mandatory Withdrawal*

Mandatory withdrawal under § 157(d) is required only when "the proceeding involves a substantial and material question of both Title 11 and non-Code federal law and [] the non-Code federal law has more than a *de minimis* effect on interstate commerce." *In re Anthony Tammaro, Inc.*, 56 B.R. at 1006-07. Here, Verma asserts that mandatory withdrawal is applicable "for the simple reason that [] [she] wants [t]his matter adjudicated by an Article III judge or a state court judge." (Docket No. 1, ¶ 7.) However, Defendant's request that this matter be adjudicated before an Article III judge alone is not a basis for mandatory withdrawal. This Court notes that the underlying claims do not require the bankruptcy court to engage in a novel analysis of federal law. As a result, mandatory withdrawal is not implicated.

---

[6] The "core/non-core distinction is relevant to the scope of the bankruptcy court's powers upon referral: in core proceedings, the bankruptcy judge may issue final orders and judgments," while in non-core proceedings, unless both parties consent, the bankruptcy court "must submit 'proposed findings of fact and conclusions of law' to the district court, which enters an order only after conducting de novo review." *Mullarkey v. Tamboer* (*In re Mullarkey*), 536 F.3d 215, 221 (3d Cir. 2008).

### B. Permissive Withdrawal

A threshold factor in determining whether a case is subject to permissive withdrawal is whether it is "core" or "non-core" to the bankruptcy action. *Certain Underwriters at Lloyd's of London v. Otlowski*, No. 08-3998, 2009 U.S. Dist. LEXIS 6408, at *5 (D.N.J. Jan. 29, 2009). As one court has noted, Section 157 (b)(3)'s unambiguous language requires the Bankruptcy Court to make the core or non-core determination in the first instance. *Id.* at 7 (citing *E. W. Trade Partners, Inc. v. Sobel WP, LLC (In re E. W. Trade Partners, Inc.)*, No. 06-01812, 2007 U.S. Dist. LEXIS 29645, at *10 n.4 (D.N.J. Apr. 23, 2007)); *see also Kohn v. Haymount Ltd. P'ship, LP (In re Int'l Benefits Grp., Inc.)*, No. 06-2363, 2006 U.S. Dist. LEXIS 58487, at *7 (D.N.J. Aug. 21, 2006) (stating that the bankruptcy court's core/non-core determination is the "most important factor" in a court's withdrawal analysis). However, in this case the Bankruptcy Court has yet to determine whether the underlying adversary proceeding is a core or non-core proceeding. As a result, Verma's Motion is premature. *See Katz v. Karagjozi (In re Kara Homes)*, No. 09-1775, U.S. Dist. LEXIS 63215, at *5 (D.N.J. July 22, 2009) (concluding that the motion to withdraw the reference was premature because the bankruptcy court had not yet determined whether the proceeding was core or non-core); *Certain Underwriters at Lloyd's of London*, 2009 U.S. Dist. LEXIS 6408, at *7-8 (finding the motion to withdraw unripe and premature because the bankruptcy judge had yet to make the core or non-core determination); *In re E. W. Trade Partners, Inc.*, 2007 U.S. Dist. LEXIS 29645, at *11 (concluding that the motion to withdraw is not ripe for consideration by the district court because the bankruptcy judge had not made the initial determination of whether the proceeding was core or non-core). Similarly, Defendant's argument that she is entitled to a trial by jury is not ripe for adjudication before this Court.

8

Furthermore, Defendant's assertion that she is entitled to a jury trial alone is not a basis for this Court to grant her Motion. The "[a]ssertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such a trial before the Bankruptcy Court, is not of itself sufficient cause for discretionary withdrawal." *Pennsylvania Acad. of Music v. Regitz*, No. 10-172, 2010 U.S. Dist. LEXIS 127199, at *6-7 (E.D. Pa. Nov. 30, 2010) (quoting *Williams v. Avnet, Inc. (In re Techs. Liquidations Co.)*, No. 07-177, 2007 U.S. Dist. LEXIS 28320 (W.D. Pa. Apr. 17, 2007)) (internal quotation marks omitted); *see also Gen. Elec. Capital Corp. v. Teo*, No. 01-1686, 2001 U.S. Dist. LEXIS 22266, at *13 (D.N.J. Dec. 14, 2001) ("[T]he mere fact that a [d]efendant has asserted a right to trial by jury is not sufficient to immediately justify withdrawal of an action from bankruptcy.").

This Court is also aware that "courts in this district and elsewhere have held that even when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not 'preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.'" *Gen. Elec. Capital Corp.*, 2001 2001 U.S. Dist. LEXIS 22266, at *14 (quoting *Stalford v. Blue Mack Transp. (In re Lands End Leasing, Inc.)*, 193 B.R. 426, 436 (Bankr. D.N.J. 1996)); *see also Pennsylvania Acad.*, 2010 U.S. Dist. LEXIS 127199, at *6 ("[T]he fact that [d]efendants are entitled to a jury trial . . . does not mean pre-trial proceedings must be conducted in the District Court."); *Keene Corp. v. Willaims Bailey & Wesner L.L.P. (In re Kenne Corp.)*, 182 B.R. 379, 385 (S.D.N.Y. 1995) (denying on ripeness grounds motion to withdraw the reference, reasoning that while an adversary proceeding carrying the right to a jury trial is in its initial stages, the bankruptcy judge "is fully equipped with the tools to proceed with [the] matter" until such time as the issues are ripe for submission to the jury); *Hayes v. Royala, Inc.*, 180 B.R. 476, 477 (E.D. Tex. 1995)

9

(explaining that the inability of a bankruptcy judge to preside over a jury trial absent the parties' consent does not require withdrawal of the reference to the bankruptcy court until it is clear that the issues are ready for consideration by a jury).

Consequently, Verma's Motion is denied without prejudice. Defendant has leave to re-file her Motion under a new civil action number after the Bankruptcy Court has made a determination as to whether the underlying adversary proceeding is core or non-core and after the Bankruptcy Court has resolved pre-trial and discovery matters. The Bankruptcy Court may also rule on summary judgment motions after the conclusion of discovery because a "bankruptcy judge ruling on [a] summary judgment motion does not raise Seventh Amendment issues since motion [is] disposed of as a matter of law and review by Article III judges is *de novo*." *Nw. Inst. of Psychiatry, Inc. v. Travelers Indem. Co. (In re Nw. Inst. of Psychiatry, Inc.)*, 268 B.R. 79, 92 (Bankr. E.D. Pa. 2011) (quoting *Hayes,* 180 B.R. at 477) (citation omitted).

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion is DENIED without prejudice.

**SO ORDERED.**

    s/ Susan D. Wigenton
    **Susan D. Wigenton, U.S.D.J.**

cc:  Madeline Cox Arleo, U.S.M.J.

Case 1:10-cv-02155-NSW Doc 37-1 Filed 10/27/11 Entered 10/28/11 12:43:10 Page Desc 183