UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)
McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Michael S. Waters, Esq.
Jeffrey Bernstein, Esq.
Nicole Leonard, Esq.
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone:  (973) 622-7711
Facsimile:   (973) 622-5314
E-Mail: mwaters@mdmc-law.com
E-Mail: jbernstein@mdmc-law.com
E-Mail: nleonard@mdmc-law.com
*Attorneys for the Chapter 7 Trustees Eric R. Perkins, Esq. and Catherine Youngman, Esq.*

| | |
|---|---|
| In re: <br><br> JESAL PATWARI, <br><br><br> Debtor. | Honorable Novalyn L. Winfield, U.S.B.J. <br><br> Chapter 7 <br><br> CASE NO. 08-26178 (NLW) |
| ERIC R. PERKINS, ESQ. in his capacity as Chapter 7 Trustee for the Estate of Jesal Patwari and CATHERINE YOUNGMAN, ESQ. *Chapter 7 Trustee for Shapat, Inc., Patwari, LLC, Shapat 2, LLC, and Shapat 3, LLC,* <br><br> Plaintiffs, <br> v. <br><br> SUSHEELA VERMA, <br><br> Defendant. | Adv. Proceeding No. 10-02104 (NLW) |

**APPLICATION IN SUPPORT OF CHAPTER 7 TRUSTEES' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Eric R. Perkins, Esq., the Chapter 7 Trustee for the Estate of Jesal Patwari, and Catherine

Youngman, Esq., Chapter 7 Trustee for Shapat, Inc., Patwari, LLC, Shapat 2, LLC, and Shapat 3,

LLC (collectively, the "Trustees"), by and through their counsel, McElroy, Deutsch, Mulvaney

2205018

& Carpenter, LLC, submit this application in support of the Trustees' Motion for Partial Summary Judgment requiring return of fees paid from the Debtors' estates to Debtors' unauthorized former counsel and directing turnover of such payments to the estates (the "Summary Judgment Motion") and respectfully represent the following:

## I    INTRODUCTION

Debtor's former counsel Susheela Verma, an attorney practicing under the name the Law Office of Susheela Verma, ("Verma") represented the Debtor-in-Possession following the bankruptcy filing and was paid with estate funds. However, contrary to the Bankruptcy Code and Rules, no application to retain Verma was ever approved by this Court for the work for which she was paid post petition. Further, an application for approval of fees and expenses was never filed nor approved by this Court. This motion for Partial Summary Judgment in this Adversary Proceeding is filed as a companion motion to the motion seeking disgorgement of the post-petition fees received by Verma filed in the bankruptcy case of Jesal Patwari, Case 08-26178 (the "Disgorgement Motion"). The Summary Judgment Motion seeks the same relief and is based on the same facts established in the Disgorgement Motion. The Summary Judgment Motion is filed to establish before this Court that are no disputed facts or legal issues in either the Adversary Proceeding or the Chapter 7 proceeding that would prevent the Court from ordering the disgorgement request.

## II    JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

2205018    2

4. Movant makes this application pursuant to 11 U.S.C. §§ 327, 330, and 542 of the Bankruptcy Code and Fed. R. Bankr. P.7001, 7002, 7056, 2014, 2016 and 2017 and L.B.R. D.N.J. 2014-1 and 2016-1.

### III    BACKGROUND, PROCEDURAL HISTORY AND FACTS[1]

5. Jesal Patwari ("Patwari" or "Debtor") owned and operated a number of Subway stores under franchise agreements with Doctor's Associates, Inc.

6. On August 27, 2008, Patwari filed a petition under Chapter 11 of the Bankruptcy Code (the "Patwari Case").

7. Four Corporate Entities owned by Patwari: Shapat, Inc., Patwari, LLC, Shapat 2, LLC, and Shapat 3, LLC (collectively, the "Corporate Entities") also filed separate bankruptcy petitions under Chapter 11 on August 27, 2008 (the "Corporate Cases").[2]

8. On July 20, 2009, the Patwari Case was converted to a case under Chapter 7 and Eric R. Perkins, Esq. was appointed as the Chapter 7 Trustee.

9. The Corporate Cases were also converted to cases under Chapter 7 on July 20, 2009 and Catherine Youngman, Esq. was appointed as Chapter 7 Trustee for each of the Corporate Entities (the "Corporate Entities Trustee").

<u>The Adversary Proceeding</u>

10. Prior to the bankruptcy filing, Patwari had been represented in various State Court matters by attorney Susheela Verma operating as "The Law Offices of Susheela Verma".

---

[1] The procedural and factual background are also contained in the Application in support of the Disgorgement Motion, which is attached hereto as **Exhibit 1**, and the Certification of Michael S. Waters submitted with the Disgorgement Motion and exhibits thereto, which is attached hereto as **Exhibit 2**, and are repeated herein for ease of reference.

[2] The Corporate Cases are jointly administered under lead case Shapat Inc. Patwari and the Corporate Entities shall be collectively referred to as Debtors.

11. After the Trustees' appointment, an extensive effort was made to obtain information from Verma regarding her files, particularly her billing files and the work for which she had been paid by Patwari.

12. Thereafter, both Trustees filed this Adversary Complaint against Verma, Case No.: 10-02104 (NLW) (seeking *inter alia,* recovery of the fees that were paid to her by Patwari and the Corporate Entities (the "Adversary Proceeding").

13. On April 7, 2011, following this Court's denial of Verma's Motion to Dismiss the complaint, Verma sought to withdraw the reference asserting, *inter alia*, that she was entitled to a jury trial.

14. This Court found that it could proceed to hear the claims of the Trustees and denied Verma's application for a stay pending resolution of her motion to withdraw the reference.

15. On October 27, 2011, the Honorable Susan D. Wigenton, U.S.D.J. entered an Order and issued an Opinion providing that the Bankruptcy Court could proceed to handle the litigation at least through the pre-trial and through summary judgment.

16. On May 19, 2011, Verma filed an Answer, Affirmative Defenses, and Jury Demand, Doc. No. 33 (the "Initial Answer"). On August 7, 2012, Verma filed an Answer, Affirmative Defenses, and Jury Demand to the Amended Complaint, Doc. No. 46 (the "Second Answer" and together with the Initial Answer, the "Answer")  In the Answer, Verma, in claiming that the payment of her legal fees were not fraudulent transfers, asserted that they were for current and future services.[3] This is an admission that the payments after the Petition date were for services in the Bankruptcy that were never approved by the Court.

---

[3] Verma Asserted as a defense in her Initial Answer in paragraph J on page 18 of Doc. No. 33: "J. Each transfer made by Patwari to Verma was a bargained for exchange for new consideration and not to pay down any antecedent

17. The basis for Verma's request for a trial by jury is the assertion that Verma never submitted to the jurisdiction of the Bankruptcy Court. Verma has argued that she never sought an application to be appointed as counsel for the Debtor and therefore, she is entitled to litigate before a jury, including her claim that she can retain monies that she received from the Debtors post-petition.

18. The total fees received by Verma were in excess of approximately $130,000. Out of that amount, $15,500 should be returned immediately because it was paid during the bankruptcy proceeding to Verma, a person not retained as counsel for the Debtor and whose fees were never reviewed or approved by the Court, contrary to the provisions of 11 U.S.C. §§ 327, 330, and 542 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014, 2016 and 2017.

Debtor's Payments to Verma

19. Because the monies paid by Patwari to Verma came from different accounts sometimes comingled, and included cash payments and monies that Patwari borrowed from others, the Disgorgement Motion has been made by Eric Perkins as Chapter 7 Trustee for the Estate of Jesal Patwari with the agreement of Catherine Youngman, as Chapter 7 Trustee for the Estate of the Corporate Entities, subject to later distribution among the estates. The Trustees will later seek an order of the Court with respect to the division of funds obtained among the five estates involved.[4]

20. According to Verma's own records, after August 27, 2008, the date on which the Petition was filed, Verma received the following payments on the dates indicated:

---

debt." [Note that there are two sections "J" on page 18.] This assertion in the Initial Answer is repeated in various other parts of the Initial Answer. Similarly, Verma makes the same affirmative defense in the Second Answer in Paragraph J, page 19.

[4] Disgorgement of $1,500 received by check written on the account of First Hudson on August 29, 2009, is not sought in this application because First Hudson is a separate corporation in a separate bankruptcy and is not a party to the Adversary Proceeding.

2205018                                                                 5

|    | **Date**   | **Payments Amount** | **Remarks**      |
|----|-----------|---------------------|------------------|
| a. | 8/29/2008 | $1000               | Patwari LLC cash |
| b. | 8/29/2009 | $1500               | First Hudson     |
| c. | 8/29/2008 | $4000               | Patwari LLC      |
| d. | 8/29/2008 | $1500               | Shapat 3 LLC     |
| e. | 8/29/2008 | $2000               | Patwari LLC      |
| f. | 9/3/2008  | $7000               | Cash             |
| Total: |       | $17,000             |                  |

See Exhibit 2 (the Certification of Michael S. Waters (hereinafter "Waters Certification") and Exhibit A, Exhibit B and Exhibit C pages 44, 69, and 70 attached thereto).

21. Exhibit 9 to the Deposition of Verma taken on February 7, 2013, lists all of the payments described in paragraph 18 above. A true copy of Exhibit Verma 9 is attached as Exhibit A to the Waters Certification. In addition, Verma produced at her deposition a deposit slip, attached to the Waters Certification as Exhibit B, showing the deposit of most of those checks into her account on August 29, 2008.

22. At her deposition Verma admitted to receiving the $7,000 cash payment on August 29, 2008, but testified it was never deposited in the business account. (Waters Certification, Exhibit C at pages 69-70).

23. The Application to approve retention of Dahiya Law Offices, LLC as counsel to the Debtor and Debtor in Possession was filed in the Patwari Case on February 11, 2009 as Document Number 52. The Declaration of Karamur S. Dahiya submitted in support of the Application (Doc. No. 52-1) provides:

"8. Ms. Jesal Patwari has not retained any other independent counsel for this case, except that Ms. Sushela Verma may be hired for prosecuting claims under state laws. However, her retention application will be filed with this court shortly." (Document number 52-1 at page 2).

24. No such application was ever filed by Verma in the Patwari Case.[5] This court approved the retention of Dahiya by order dated February 19, 2009 (Doc. No. 53). Verma testified that while an application was prepared for her, she did not sign or file it. (Waters Cert. Exhibit C at page 130).

## IV    ARGUMENT

A.    Standard for Summary Judgment

25. Fed. R. Civ. P. 56(a), made applicable herein by Fed. R. Bankr. P. 7056, provides in pertinent part:

> (a)    Motion for Summary Judgment or Partial Summary Judgment
>
> 1.    A party may move for summary judgment, identifying each claim or defense – - or the part of each claim or defense - - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

26. After the moving party has met its initial burden,[6] the non-party bears the burden of demonstrating that there are disputed issues of material fact that should proceed to trial.

---

[5] An application was filed for Verma in the lead Corporate Entities Case Shapat, Inc. on May 7, 2009 (Shapat, Inc. Doc. No. 53) accompanied by an Affidavit of Verma – however this application, which was filed more than eight months after the payments described herein were made, was never approved by this Court

[6] "Federal Rule of Evidence 201 authorizes a court to take judicial notice of an adjudicative fact if that fact is "not subject to reasonable dispute." Fed.R.Evid. 201(b). 'Judicial notice may be taken at any stage of the proceeding,'" *Nantucket Investors II v. California Federal Bank* (*In re Indian Palms Assoc. Ltd.*), 61 F. 3d 197, 205-06 (3d Cir. 1995) The Court may take judicial notice, under Fed. R. Evid. 201, of the docket entries of this case, as well as the documents filed therein. *See Maritime Ele. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1200 n.3 (3d Cir.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  To meet this burden, the non-moving party must point to specific, affirmative evidence in the record and not simply rely on unsupported allegations, mere suspicions, or denials in the pleadings. Celotex, 477 U.S. at 324-25; Williams v. Borough of W. Chester, 981 F.2d 458, 460 (3d Cir. 1989).

27. This Motion for Summary Judgment is based on the sworn testimony, admission of and documents produced by the defendant Verma and identified in her deposition.  There is no genuine dispute as to any material fact:  the checks and deposition testimony show that Verma received funds from the Debtors post-petition and Verma has asserted as an affirmative defense in the Answer that the payments were a "bargained for exchange for new consideration and not to pay down any antecedent debt".  Therefore, the Trustees are entitled to judgment as a matter of law

28. While Verma may attempt to deflect from her own statements by repeating her desire to take the deposition of Ms. Patwari (which she has failed to pursue for over a year), no discovery of others will alter the sworn statements of Verma.  No additional discovery can be used as a basis to avoid or rebut this motion, as this motion is based on the statements of Verma. It matters not whether any party agrees with her, Verma is bound to her statements as admissions.

---

1991); *Levine v. Egidi,* 1993 WL 69146, at *2 (N.D. Ill. 1993); *In re Paolino,* 1991 WL 284107, at *12 n.19 (Bankr. E.D. Pa, 1991); *see generally In re Indian Palms Associates, Ltd.,* 61 F.3d at 205-06.

2205018                                   8

29. Similarly, there can be no dispute as to the law. As is set forth in the Disgorgement Motion, the law unequivocally requires Verma to return this money:

- Verma did not file an application to be retained in the Patwari Case and although an application was filed in the Corporate Cases more than eight months after the payments described herein were made it was never approved and, consequently, Verma was not retained as a professional in these cases.

- Verma did not file an application for compensation for legal services performed on behalf of any of the Debtors and, consequently, Verma's fees and expenses were not allowed or otherwise authorized by this Court.

- Verma admitted in her Answer and deposition testimony as described herein that she performed post-petition legal services for Patwari for which she received compensation.

30. As set forth in the application in support of the Disgorgement Motion (paragraphs 23 through 29) attached hereto as Exhibit 1, the Bankruptcy Code and Rules required that Verma seek and receive authorization to perform work for Debtors and seek and receive authorization to have such work and expenses related thereto paid for by Debtors.

31. Verma never filed a claim as a creditor, never applied to the Court to be appointed counsel to the Patwari Case or had any application approved and never submitted an application for compensation. Thus, as to the $15,500, there can be no issue of fact that would preclude summary judgment and the money should be ordered repaid to the estate.

WHEREFORE, the Trustees request that this Court enter an order granting partial summary judgment with respect to the $15,500.00 paid to Verma post-petition.

                                                      Respectfully Submitted,

                                                      McELROY, DEUTSCH, MULVANEY
                                                      & CARPENTER, LLP
                                                      *Attorneys for the Chapter 7 Trustees, Eric R.*
                                                      *Perkins, Esq. and Catherine Youngman, Esq.*

Dated: February 21, 2014        By:    */s/ Michael Waters*
                                                      Michael Waters