**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: | CHAPTER 7 |
| Jesal Patwari, | |
| Debtor. | CASE NO.:  09-26178  (NLW) |
| | **OPINION** |
| Eric R. Perkins, as Trustee, | |
| Plaintiff, | Adv. No.:  10-2104 |
| v. | |
| Susheela Verma, | |
| Defendant. | |

**FILED**
JAMES J. WALDRON, CLERK
August 21, 2014
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: /s/ Nelson Dos Santos, Deputy

**Before:    HON. NOVALYN L. WINFIELD**

**A P P E A R A N C E S :**

Michael S. Waters, Esq.
Jeffrey Bernstein, Esq.
Nicole Leonard, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102
Attorneys for Chapter 7 Trustee

Susheela Verma, Esq.
Law Office of Susheela Verma
One Woodbridge Center, Suite 810
Woodbridge, NJ 07095
Defendant Pro Se

This matter is before the court on a motion for reconsideration brought by Susheela Verma ("Ms. Verma") pursuant to Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023[1]. As set forth below, the court denies the motion because Ms. Verma has not met any of the grounds on which reconsideration may be granted.

## JURISDICTION

The court has jurisdiction to decide this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on September 18, 2012. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O). The following constitutes the court's findings of fact under Fed. R. Bankr. P. 7052.

## FACTUAL BACKGROUND

As the Trustee notes, Ms. Verma's motion for reconsideration addresses only the order granting partial summary judgment in favor of the Trustee in the adversary proceeding (Adv. Pro. 10-2104) and does not address the Trustee's motion for an order to disgorge the fees paid by the Debtor, Jesel Patwari ("Ms. Patwari") to Ms. Verma while Ms. Patwari's case was in a Chapter 11 proceeding (the "disgorgement motion"). The Trustee's disgorgement motion was premised on the fact that (i) Ms. Verma had never been retained by court order, (ii) no fee applications had been filed by Ms. Verma and considered by the court, and (iii) that as a result, no orders had been entered by the court permitting the payment of fees to Ms. Verma. Because the grant of summary judgment in the adversary proceeding was dependent on the court's

---

[1] Subsequent references to the Federal Rules of Bankruptcy Procedure will be as "Bankruptcy Rule".

determination in favor of the Trustee on the disgorgement motion, the court presumes that Ms. Verma also intended to include the court's determination on the disgorgement motion as part of her motion for reconsideration.

In the disgorgement motion, the Trustee relied upon statements made by Ms. Verma in her Answer, Affirmative Defenses and Jury Demand to the Amended Complaint, ("Second Answer"). The Trustee also relied upon Ms. Verma's deposition testimony and the exhibits produced by Ms. Verma in connection with the deposition. Ms. Verma's testimony and the deposition exhibits reveal that after Ms. Patwari and her corporate entities filed Chapter 11 petitions, Ms. Verma received the following payments:

|   | Date | Payment Amount | Remarks |
|---|---|---|---|
| a. | 8/29/2008 | $1,000.00 | Patwari LLC cash |
| b. | 8/29/2009 | $1,500.00 | First Hudson |
| c. | 8/29/2008 | $4,000.00 | Patwari LLC |
| d. | 8/29/2008 | $1,500.00 | Shapat 3 LLC |
| e. | 8/29/2008 | $2,000.00 | Patwari LLC |
| f. | 9/03/2008 | $7,000.00 | Cash |
| Total: | | $17,000.00 | |

(Certification of Michael S. Waters ("Waters Cert.") Exs. A, B and C). At her deposition Ms. Verma also conceded that although an application was prepared for her retention as special counsel, it was never filed with the court because Ms. Verma felt that she could not trust Ms. Patwari. (Waters Cert., Ex. C 129:9 to 130:20) In that same deposition Ms. Verma additionally acknowledged that she understood that a court order approving her retention was required in order for her to receive compensation. (Waters Cert., Ex. C 129:2-8)

3

Based on the facts set forth above, and the requirements of Bankruptcy Code §§ 327, 330, Bankruptcy Rules 2014 and 2016, D.N.J. LBR 2016-1(a) as well as *In re Arkansas Co.*, 798 F. 2d 645, 650 (3d Cir. 1986) and *In re Mason*, 66 B.R. 297, 308 (Bankr. D.N.J. 1986) the Trustee sought disgorgement of the fees received by Ms. Verma post petition. The Trustee's position was straight forward: in the absence of (i) submitting an application for retention in Ms. Patwari's case, (ii) filing an application for allowance of fees on notice to creditors and (iii) obtaining a court order allowing payment of fees, Ms. Verma is not entitled to retain the fees paid to her by Ms. Patwari after her Chapter 11 case was commenced.

In response to the Trustee's disgorgement and motion for partial summary judgment, Ms. Verma offered three arguments. First, she argued that partial summary judgment could not be granted because a genuine issue of material fact existed regarding the source of the $7,000.00 cash payment. Ms. Verma relied upon the following questions and answers from her deposition:

> Q. Do you remember what she said to you in this conversation?
> A. The only thing I remember is that she said that <u>she is borrowing the money from a family member.</u>
>
> Q. In this conversation?
> A. And she took this money from her brother.

(Certification of Susheela Verma, Ex. A, 48:22 to 49:4) Second, Ms. Verma argued that the Trustee's partial summary judgment motion could not be granted because the Trustee had not yet provided her with adequate discovery. Lastly, Ms. Verma contended that under Bankruptcy Code § 726(b) disgorgement of professional fees paid in a preceding Chapter 11 case is not mandatory and should be decided on a case by case basis.

In *Matter of Arkansas*, the court noted the importance of approval of the employment of a professional. 798 F.2d at 648. Further, after a thorough review of the legislative history for the 1978 Bankruptcy Code, the court stated:

> We thus hold that *nunc pro tunc* approval should be limited to cases where extraordinary circumstances are present. Otherwise the bankruptcy court may be overly inclined to grant such approval influenced by claims of hardship due to work already performed. In this respect we part company with those courts that have suggested that inadvertence or oversight of counsel may constitute excusable neglect sufficient to relieve the parties of the consequences of their inaction. We agree instead with the approach of those courts that limit the grant of retroactive approval to cases where prior approval would have been appropriate and the delay in seeking approval was due to hardship beyond the professional's control. While this may seem to be a harsh rule, a more lenient approach would reward laxity by counsel and might encourage circumvention of the statutory requirement.
>
> [1] To summarize, we hold that retroactive approval of appointment of a professional may be granted by the bankruptcy court in its discretion but that it should grant such approval only under extraordinary circumstances. Such circumstances do not include the mere neglect of the professional who was in a position to file a timely application.

798 F.2d at 649-50 (citations omitted).

The court found Ms. Verma's opposition to the disgorgement motion and the partial summary judgment to be unresponsive to the essential and determinative issues of (i) her failure to request the court's order retaining her as special counsel and (ii) the failure to seek allowance of her fees by the court prior to payment. In this court's view Ms. Verma's decision to not seek retention as special counsel coupled with her receipt of payment of her legal fees without a court order or a fee application provided an ample basis for granting the Trustee's motions. The court grounded its decision on the governing statutes (Bankruptcy Code §§ 327 and 330) and *Matter of*

5

*Arkansas Co., Inc.*, 789 F.2d 645 (3d Cir. 1986) and *In re F/S Airlease II, Inc. v, Simon*, 844 F.2d 99 (3d Cir. 1988).

In *F/S Airlease*, the Third Circuit found that *nunc pro tunc* approval of a brokers retention was not warranted because the broker was a sophisticated businessman represented by attorneys and there was no time pressure that precluded him from obtaining a retention order prior to rendering services. 844 F.2d at 107. Mindful of this ruling and the *Arkansas* case, this court concluded that because Ms. Verma is an attorney who knowingly chose not to obtain a retention order, she could not demonstrate extraordinary circumstances that would warrant *nunc pro tunc* authorization for her retention as special counsel. Accordingly, because of the inability to obtain a retention order there was a corresponding inability for Ms. Verma to be compensated, and thus, disgorgement was warranted.

In her motion for reconsideration Ms. Verma certifies that Ms. Patwari's bankruptcy counsel told her "there was no issue in accepting payment for ongoing work," and that she relied on this representation in not filing a retention application. (5/6/2014 Certification of Susheela Verma ("5/6/14 Verma Cert.") ¶ 5) Ms. Verma further states her belief that funds which Ms. Patwari borrowed from family and friends did not form part of the bankruptcy estate. (5/6/14 Verma Cert., ¶ 7) She also now claims that the bulk of her services were performed before bankruptcy counsel prepared her application for retention as special counsel and she was not informed by counsel that a trustee could seek to recoup her fees. (5/6/14 Verma Cert., ¶ 6)

In addition to questioning the timelines of her motion and whether Ms. Verma should have sought reconsideration of the disgorgement motion, the Trustee contends that Ms. Verma's motion does not meet any of the criteria that would permit reconsideration of the court's ruling. As described below, the court agrees with the Trustee.

## **DISCUSSION**

It is well recognized that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). cert denied, 476 U.S. 1171 (1986). A motion for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the Court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). A court should grant reconsideration where a moving party demonstrates at least one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion… or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, et al.*, 176 F.3d 669, 677 (3d Cir. 1999), *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not an appeal. The moving party must demonstrate "more than a disagreement with the Court's decision." *Database America, Inc. v. BellSouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Additionally, a court should only entertain a motion to reconsider, if the alleged overlooked decision of law or dispositive factual matter was a matter that, if considered by the Court, might reasonably have resulted in a different conclusion." *Davis v. Spirit of New Jersey*, 2000 WL 33302241, *2 (D.N.J. 2000).

Applying these standards for reconsideration to the matter at hand it is readily apparent that the alleged representations made by Ms. Patwari's bankruptcy counsel were known to her when the Trustee's motions were filed and cannot be considered newly discovered evidence. Similarly, the contention regarding when her services were rendered during the Chapter 11 case

and the alleged failure of bankruptcy counsel to inform her of the consequences of not submitting her retention application were also within her knowledge at the time the prior motions were scheduled and cannot now be offered as newly discovered evidence.

Moreover, in her motion for reconsideration Ms. Verma still does not address the basis for the disgorgement motion: her failure to obtain a retention order and her receipt of payment without having first filed a fee application as required under Bankruptcy Code § 330 and Bankruptcy Rule 2016. There has been no change in the governing law regarding the retention and payment of professionals who render services in bankruptcy case, and tellingly, Ms. Verma does not argue to the contrary.

Instead, without any factual foundation, Ms. Verma argues that the funds paid to her by Ms. Patwari were not property of the estate, but rather, allegedly were the property of third persons. As consequence, relying on *Begier v. I.R.S.*, 496 U.S. 53 (1990) Ms. Verma asserts that the monies paid to her postpetition should not be disgorged. The *Begier* case is inapposite. There the Supreme Court held that trust fund taxes paid to the I.R.S. were not transfers of property of the estate because a debtor does not hold an interest in property he holds for another, and therefore the payments to the I.R.S. were not preferential. 496 U.S. at 59. The trustee did not contend in his disgorgement motion that the funds received by Ms. Verma were preferences. Rather, he contends that Ms. Verma was not authorized by this court to act as special counsel and is not permitted to retain payments received by her for those services. The Trustee also pointed out that the source of funds does not prevent the court from ordering disgorgement. Even if Ms. Verma could demonstrate that payment of her fees were made by a third party, disgorgement remains an appropriate remedy. *See*, *In re Engle*, 124 F.3d 567, 571 (3d Cir. 1997)("An attorney whose employment has not been approved under § 327 can be required to

return compensation for the services provided to the debtor-in-possession, even though they were paid by third parties and not by the estate.")

## CONCLUSION

Ms. Verma has not demonstrated any change in the controlling law, the availability of new evidence, the need to correct a clear error of law or fact or the need to prevent a manifest injustice. As a result, the motion for reconsideration is denied.


Dated: August 21, 2014                                     ____/S/_____
                                                          NOVALYN L. WINFIELD
                                                          United States Bankruptcy Judge